■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v LOCAL 100, TRANSPORT WORKERS UNION OF AMERICA, Appellant.—In a proceeding pursuant to CPLR 7511, inter alia, to modify an arbitrator's award dated September 3, 1985, which, after a hearing, sustained disciplinary charges against an employee and provided for his conditional reinstatement, in which the appellant cross-petitioned to confirm the award, the appeal is from a judgment of the Supreme Court, Kings County (Spodek, J.), dated March 28, 1986, which granted the petitioner's application to modify the award by providing for the employee's outright dismissal, and denied the appellant's cross petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the cross petition is granted to the extent that the arbitrator's award is confirmed.

Under a collective bargaining agreement between the parties, an arbitrator was designated to review a "Step IV"

grievance procedure decision sustaining charges against a trackworker and dismissing him from service. The trackworker had been suspended from service after being charged with sleeping during his tour of duty, being under the influence of alcohol, and refusing to take a blood-alcohol test as ordered by his supervisor.

After a hearing, the arbitrator issued an opinion and award which found that the petitioner sustained its charges against the employee. However, in view of the employee's 17 years of service, the arbitrator modified the "Step IV" decision of the Hearing Officer to dismiss him from service, to "a suspension of time served with a *warning, final and absolute,* that future charges, if proven, may lead to his dismissal". The reinstatement was also made contingent upon the employee's participation, on a regular basis, in the employee counseling service, with the arbitrator retaining jurisdiction of the case to insure his compliance with the terms of the award.

In a proceeding, *inter alia,* to modify the award, the petitioner contended that the arbitrator exceeded her authority under the collective bargaining agreement. It relied upon paragraph "F" of article VI of the agreement, which provides that the petitioner's action must be affirmed when an arbitrator sustains charges involving intoxication on the job, "except if there is presented to the Impartial Arbitrator credible evidence that the action by the Transit Authority is clearly excessive in light of the employee's record and past precedent in similar cases". The provision concludes by stating that the parties to the agreement understand that "this exception will be used rarely and only to prevent a clear injustice". The court found that the award was "grossly violative of the rules provided in the underlying contract".

On this appeal, the appellant contends that the court improperly substituted its judgment for that of the arbitrator *(see, e.g., Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23). We agree. Although a different construction could have been accorded to the subject provision of the agreement, in reviewing the subject award it cannot be stated that the arbitrator gave a completely irrational construction to the provision in dispute and, in effect, exceeded her authority by making a new contract for the parties *(see, Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.