■ SONNY HALL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated October 21,

1985, which, after a hearing, modified a prior award, dated August 9, 1984, which had sustained the determination of a Hearing Officer dismissing a Transit Authority employee Salvatore Distefano, by directing the conditional reinstatement of Distefano, the New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated January 22, 1986, which granted the petitioner's motion to confirm the award and denied its cross motion to vacate the award.

Ordered that the judgment is affirmed, without costs or disbursements.

Pursuant to the terms of the parties' collective bargaining agreement, an arbitrator reviewed the determination of a Hearing Officer who sustained disciplinary charges against an employee and dismissed him from service for striking a co-worker with a metal pipe. After a hearing, in an opinion and award dated August 9, 1984, the arbitrator sustained the charges and the penalty imposed by the Hearing Officer. Thereafter, the petitioner requested reconsideration and modification of the award. A second hearing, in which the appellant participated, was subsequently conducted, resulting in a modification of the arbitrator's prior award to the extent that he ordered Distefano's reinstatement as of October 28, 1985 "with a final warning that future charges of this type, if sustained, will result in more· severe disciplinary action, including dismissal".

In the ensuing proceeding to confirm the award, the appellant cross-moved to vacate the award on the ground that the arbitrator had exceeded his power in holding a second hearing and in modifying his prior award.

Having participated in the second hearing without seeking a stay, the appellant waived its right to contest the propriety of the arbitrator's determination to hold the second hearing (see, *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 382).

The appellant further contends that the arbitrator exceeded his authority based upon paragraph "F" of article VI (2) of the parties' collective bargaining agreement with respect to step IV of the procedure for disciplinary actions, which provides that the appellant's action must be affirmed when an arbitrator sustains charges involving, *inter alia,* assault on the job, "except if there is presented to the Impartial Arbitrator credible evidence that the action by the Transit Authority is

clearly excessive in light of the employee's record and past precedent in similar cases". This provision further states that the parties to the agreement understand that "this exception will be used rarely and only to prevent a clear injustice". Recently, this court had occasion to consider a similar matter involving this same provision in the collective bargaining agreement in *Matter of New York City Tr. Auth. v Local 100, Transport Workers Union* (127 AD2d 596). Our holding in that case, upholding the arbitrator's finding that the Transit Authority's action was excessive, is equally applicable to the situation at bar *(see, Matter of New York City Tr. Auth. v Local 100, Transport Workers Union, supra)*. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.