■ In the Matter of INTERCONTINENTAL PACKAGING COMPANY, Respondent, v CHINA NATIONAL CEREALS, OILS & FOODSTUFF IMPORT & EXPORT CORPORATION, SHANGHAI FOODSTUFFS BRANCH, Appellant.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 9, 1990, awarding petitioner $203,622.54 in damages, interest and disbursements after an arbitration, unanimously reversed, on the law, and the controversy is resubmitted to the arbitrator for further proceedings not inconsistent with this memorandum opinion, without costs.

On April 5, 1986, petitioner Intercontinental (as purchaser) and respondent China National (as seller) entered into an agreement for the importation of "Shanghai Beer" which provided, as here pertinent, that Intercontinental had to make claims for defective goods within 20 days of arrival at port of destination, and that unresolved disputes would be settled by arbitration in China. On May 1, 1986, the parties executed a writing which provided that unresolved disputes would be submitted to arbitration pursuant to the laws of New York.

Several beer shipments, claimed by Intercontinental to be defective, arrived in port between June 5, 1986 and November 10, 1986, but Intercontinental apparently did not complain until February 4, 1987, i.e. not within the 20-day notice of claim provision in the April 5, 1986 agreement. Intercontinental moved in Supreme Court to compel arbitration in New York, and China National cross-moved to stay arbitration. The IAS court granted Intercontinental's motion, and directed

arbitration to be held in New York, upon finding that the April 5, 1986 agreement had been superseded by the May 1, 1986 agreement.

The arbitration proceeded as directed, after this Court denied China National's application for a stay pending appeal. The arbitrator refused to consider the April 5, 1986 agreement, which contained the 20-day notice of claim provision, apparently on the basis of the IAS court's determination that the April 5, 1986 agreement had been superseded by the May 1, 1986 agreement. On March 22, 1990, the arbitrator found in favor of Intercontinental on its claim, and judgment thereon was entered July 9, 1990.

On July 19, 1990, this Court determined that the May 1st writing did *not* supersede the April 5th contract, and modified that portion of the IAS court's order which had denied China National's cross motion to stay arbitration, while recognizing that the completed arbitration could only be set aside pursuant to CPLR 7511 *(Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuffs Import & Export Corp.,* 159 AD2d 190). China National moved to vacate the judgment entered July 9, 1990, which motion was denied by the IAS court on October 16, 1990.

On the instant appeal from the judgment entered upon the arbitration award, we find that the award must be set aside for misconduct by the arbitrator pursuant to CPLR 7511 (b) (1) (i). Although the claimed "misconduct" herein (refusal to admit into evidence or consider the April 5, 1986 agreement) was perfectly understandable, given the then extant determination by the IAS court that the April 5, 1986 agreement had been superseded, nevertheless the arbitrator's refusal to consider what was later determined to have been pertinent and material evidence, was prejudicial to China National, and justifies vacatur of the award *(Matter of Professional Staff Congress/City Univ. v Board of Higher Educ.,* 39 NY2d 319, 323). In deciding that the matter should be resubmitted to the arbitrator to consider the April 5, 1986 contract, we venture no opinion as to the applicability or binding effect of any provision contained therein. Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.