■ FINANCIAL CLEARING & SERVICES CORP., Respondent, v SIMON KATZ et al., Appellants. FINANCIAL CLEARING & SERVICES CORP., Respondent, v ABRAHAM KATZ et al., Appellants. —Orders, Supreme Court, New York County (Eve M. Preminger, J.), entered on September 20, 1990, which, *inter alia,* granted the petition in each case to confirm an arbitration award and denied respondents' cross-petitions to vacate the awards, unanimously affirmed, with costs.

In 1985, Simon, Rose and Volvi Katz established accounts with petitioner, a clearing broker. Brown Knapp & Co. was the introducing broker. Respondents in the second action, Abraham Katz and Abraham Tusk, executed guarantees on these accounts. In October 1987, after the stock market crash, petitioner liquidated these accounts to cover margin deficiencies, leaving an aggregate debit balance of $179,000. Pursuant to arbitration clauses in the agreements, petitioner initiated a securities arbitration to recover the deficits in respondents' accounts and received an award of $178,000. Thereafter, petitioner received an arbitration award of $178,750 against the guarantors. In both cases, petitions were brought pursuant to CPLR article 75 to confirm the awards, and respondents cross-moved to vacate the awards. The appeals from the orders granting the petitions and denying the cross-petitions were consolidated by order of this Court dated December 6, 1990.

Respondents failed to meet their burden of showing by clear and convincing proof that the arbitration panel's denial of respondents' request for discovery of trade tickets pertaining to the liquidation constituted misconduct as defined in CPLR 7511 (b) (1) (i). On the record before the court, respondents failed to prove that the trade tickets were necessary to prove their defense.

Nor did respondents show by clear and convincing evidence that the agreements and guarantees were void as a matter of public policy because the introducing broker, Brown Knapp &

Co., was not duly registered. Since Brown Knapp was not a party to the agreements at issue, those agreements were not void as a matter of law. Accordingly, the arbitrators did not exceed their power by making an award on the basis of a void contract (CPLR 7511 [b] [1] [iii]; *compare, Anton Sattler, Inc. v Cummings,* 103 Misc 2d 4). Furthermore, to the extent that respondents seek to hold petitioner responsible for the fraudulent acts of the introducing brokers, there was no evidence in the record to make such a finding. In any event an arbitrator's award is not subject to judicial review for errors of law or fact. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.