■ In the Matter of the Arbitration between NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES DISTRICT COUNCIL 82, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, on Behalf of JAMES WHITCHER, Appellant, and THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services of the State of New York, Respondent.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 4, 1991 in Albany County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

James Whitcher, a correction officer employed at Lakeview

Shock Correctional Facility in Chautauqua County, was served with a notice of discipline charging him with misconduct in (1) using unnecessary and improper force on inmate Joseph Nieves by kicking him in the groin area without reason, (2) submitting a report of the incident known to be false, and (3) making a statement to the Inspector General known to be false for the purpose of concealing his misconduct. Following a hearing in accordance with the collective bargaining agreement between Whitcher's union and the State, the arbitrator selected by the parties found Whitcher guilty of the charges and imposed the penalty of termination of employment. This CPLR article 75 proceeding was commenced by petitioner on behalf of Whitcher seeking a judgment vacating the arbitrator's award, based upon the arbitrator's alleged misconduct in excluding relevant testimony, and directing a new hearing. Supreme Court found that although the arbitrator's decision to limit petitioner's evidence to only those issues raised in its opening statement was an erroneous misinterpretation of the law, that error was not subject to judicial review and denied the petition. This appeal ensued.

Petitioner's contentions, as limited by its petition for vacatur and its brief, are that direct testimony and cross-examination which would have shown that Nieves attempted to commit suicide by slashing his wrists three days *after* the date when petitioner allegedly kicked him was relevant to prove that Nieves was capable of self-inflicting injuries. The petition alleges that the "injuries to [Nieves'] groin area were also *possibly* self-inflicted" (emphasis supplied). Petitioner concludes that the arbitrator, by sustaining respondent's objections to questions pertaining to the suicide attempt, was guilty of corruption, fraud or misconduct in procuring the award of such magnitude as to require vacatur *(see,* CPLR 7511 [b] [1] [i]).

It has now been firmly established that an arbitrator's award will not be vacated "unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Employees Assn., Town of Callicoon Unit],* 70 NY2d 907, 909; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). Succinctly stated, "[a]s a matter of public policy the merits of an arbitration are beyond judicial review" *(Berman v Congregation Beth Shalom,* 171 AD2d 637, *lv dismissed* 78 NY2d 899; *cf., Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuff Import & Export Corp.,* 172 AD2d 224 [the arbitrator's refusal

to admit into evidence or consider a superseding agreement between the parties, which was later determined to have been pertinent and material evidence, justified vacatur of the award]; *see also, Matter of Professional Staff Congress/City Univ. v Board of Higher Educ.*, 39 NY2d 319, 323).

We are unable to agree that the arbitrator's evidentiary ruling in this case rose to a level so prejudicial as to constitute misconduct sufficient to justify judicial interference. There is abundant authority countervailing petitioner's contention. Thus, in *Maross Constr. v Central N. Y. Regional Transp. Auth.* (66 NY2d 341), the Court of Appeals held that "a refusal or failure to pass upon an arguably relevant issue or piece of evidence, even if mistaken, is a matter of arbitral judgment which, being part and parcel of the arbitrator's determination, is not judicially reviewable" *(supra,* at 348). Moreover, an arbitrator's award will not be vacated even though the court concludes that the arbitrator's interpretation of an agreement misconstrues or misapplies substantive rules of law *(see, Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654).

The record here does not show that petitioner had any hard or conclusive evidence to support its position that Whitcher had not kicked the inmate; rather, its entire contention was predicated upon the surmise and conjecture that if Nieves would attempt to commit suicide, it was possible that his injuries could have been self-inflicted. On the other hand, there was eyewitness testimony from inmate Frank Spires, who was standing next to Nieves, who had been ordered to assume a front-leaning position (preparatory to push-ups). Spires heard Whitcher yell, "Get your knees off the ground or I will beat the shit out of you," and then saw Whitcher kick Nieves in the groin with his knee from behind causing Nieves to collapse to the ground.

On this record, we cannot say that Supreme Court erred in holding the arbitrator's misinterpretation of a rule of law not to be reviewable by the court. We concur with the First Department in *Financial Clearing & Servs. Corp. v Katz* (172 AD2d 290, 291): "In any event an arbitrator's award is not subject to judicial review for errors of law or fact."

Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.