In the Matter of BOARD OF EDUCATION OF THE GREENBURGH CENTRAL SCHOOL DISTRICT No. 7, Appellant, v THOMAS

SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [654 NYS2d 458] —Peters, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 5, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education in connection with a disciplinary proceeding brought against respondent Robert De Michele.

Respondent Robert De Michele (hereinafter respondent) is a tenured physical education teacher at Woodlands High School, a school in Greenburgh Central School District No. 7, who has been employed in the district for approximately 21 years. As a result of information obtained from students that, during the course of the 1990-1991, 1991-1992 and 1992-1993 school years, respondent made various inappropriate remarks and engaged in inappropriate physical contact with at least two female students without their consent, respondent was charged pursuant to Education Law § 3020 with "immoral conduct and conduct unbecoming a teacher".

After referral pursuant to Education Law § 3020-a, the Hearing Panel rendered a report of findings and conclusions dated November 4, 1993 finding respondent guilty of five of the 12 specifications. It recommended, *inter alia*, that he be suspended for 1¹/₂ years without pay and be required to attend counseling. Both petitioner and respondent appealed the decision to respondent Commissioner of Education, who granted respondent's appeal because mandated counseling was not an authorized penalty under Education Law former § 3020-a* and because the Hearing Panel failed to issue proper findings of fact.

The supplemental report issued by the Hearing Panel confirmed its original determination, set forth the basis for its decision and continued to recommend the 1¹/₂-year suspension without pay. Petitioner again appealed to the Commissioner who ultimately upheld the Hearing Panel decision (*Matter of Greenburgh Cent. School Dist. No. 7*, 34 Ed Dept Rep 506). Petitioner thereafter commenced this proceeding, contending that the failure to impose a more stringent penalty was both arbitrary and capricious and/or an abuse of discretion. Supreme Court upheld the Commissioner's determination and dismissed this petition, thus prompting this appeal.

The sole issue before us is whether the Commissioner abused

---

* This disciplinary action was commenced prior to the effective date of the 1994 amendments to Education Law § 3020-a, which now permits counseling as an authorized penalty (*see*, L 1994, ch 691, § 3).

his discretion when he failed to increase the severity of the penalty imposed upon respondent (*see, Matter of Levyn v Ambach*, 56 NY2d 912; *Matter of Shurgin v Ambach*, 83 AD2d 665, *affd* 56 NY2d 700), as he was permitted to do pursuant to Education Law former § 3020-a (*see, Matter of Mockler v Ambach*, 79 AD2d 745, *lv denied* 53 NY2d 603). We are mindful that a court, upon review, may not substitute its judgment for that of an administrative agency charged with the responsibility of performing its statutory obligations so long as such determination was not made "in violation of lawful procedure, arbitrarily, or in abuse of * * * discretionary power, including discretion as to the penalty imposed" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Where, as here, we are asked to review the purported leniency of the penalty imposed, we will only set it aside if it is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*id.*, at 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364).

Upon our review of the record, we do not find the Commissioner's determination to be arbitrary, capricious or an abuse of discretion. The absence of charges brought against petitioner throughout his 21-year career, coupled with the underlying facts, support the Commissioner's determination that the penalty imposed was proportionate to the offenses for which respondent was found guilty (*see, Matter of City School Dist. of City of N. Y.*, 35 Ed Dept Rep 418, 423; *Matter of Malone Cent. School Dist.*, 33 Ed Dept Rep 108, 116).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.