**20** In the Matter of MELVIN D. BERNSTEIN, Appellant, v STEVEN I. MITGANG, Respondent. [661 NYS2d 253] —In a proceeding to confirm an arbitration award, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (DiNoto, J.), dated August 6, 1996, which denied his motion to confirm the award and granted the respondent's cross motion to vacate the award, and (2) an order of the same court, dated January 10, 1997, which denied his motion for leave to reargue and renew.

Ordered that the appeal from so much of the order dated January 10, 1997, as denied that branch of the petitioner's motion which sought leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that so much of the order dated January 10, 1997, as denied that branch of the petitioner's motion which sought leave to renew is reversed, that branch of the motion is granted, upon renewal, the order dated August 6, 1996, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith; and it is further,

Ordered that the appeal from the order dated August 6, 1996, is dismissed as academic in light of our determination on the appeal from the order dated January 10, 1997; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in denying the petitioner's motion for leave to renew its opposition to the respondent's cross motion to vacate the arbitration award. The petitioner's motion for leave to renew was based upon additional material facts which existed at the time the cross motion was made, but were not then known to the petitioner, and therefore were not made known to the court (*see, Brann v City of New York*, 96 AD2d 923). The petitioner offered a valid excuse for not submitting the affidavits of Michael Levy and Michael Freeman in opposition to the respondent's original cross motion (*see, Foley v Roche*, 68 AD2d 558).

An arbitrator's award may be vacated for prejudicial misconduct by the arbitrator (*see,* CPLR 7511), and one form of misconduct is the refusal to hear pertinent and material evidence (*see, Matter of Professional Staff Congress / City Univ. v Board of Higher Educ.*, 39 NY2d 319, 323). Because there are

numerous contested issues of fact in the instant case as to whether the arbitrators refused to hear pertinent and material evidence offered by the respondent during the arbitration hearing, and whether the award was punitive in nature, the court improvidently exercised its discretion in granting the respondent's cross motion to vacate the award without conducting a hearing (*see, e.g., Matter of Goldfinger v Lisker*, 68 NY2d 225, 228; *Neiman v Springer*, 71 AD2d 854; *Matter of Elia Bldg. Co. [County of Niagara]*, 8 AD2d 684).

The appellant's remaining contentions are without merit. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.