■ KINGSLEY SPENCER, Plaintiff, v YVETTE HYLTON-SPENCER, Defendant and Third-Party Plaintiff-Respondent. JAMES SPENCER et al., Third-Party Defendants-Appellants. [668 NYS2d 104] —In an action for a divorce and ancillary relief, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 13, 1997, as (1) upon granting that branch of their motion which was for reargument, adhered to the determination in a prior order of the same court dated September 5, 1996, which denied their motion for summary judgment dismissing the third-party complaint, and (2) denied that branch of their motion which was for renewal of their motion for summary judgment.

Ordered that the order is modified by deleting therefrom the provision which denied that branch of the appellants' motion which was for renewal of their motion for summary judgment, and substituting therefor a provision granting renewal and

upon renewal, adhering to the original determination; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

The court erred in denying that branch of the appellants' motion which was for renewal of their motion for summary judgment dismissing the third-party complaint. The appellants proffered a bank appraisal of the subject property that was unavailable at the time of the original motion because it could not be found by the mortgagee who possessed it (see, Schumann v City of New York, 242 AD2d 616; Matter of Bernstein v Mitgang, 242 AD2d 328; 12 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.24). However, even when the appraisal is considered, the appellants are not entitled to summary judgment. There are issues of fact as to whether the conveyance was made with the intent to hinder or delay the respondent's effort to enforce her interest in the subject property (see, CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562).

The appellants' remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.