■ In the Matter of JOSEPH BEARD, Respondent, v TOWN OF NEWBURGH, Appellant. [686 NYS2d 809] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 8, 1997, the Town of Newburgh appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 19, 1997, which denied its motion to dismiss the proceeding as untimely commenced, and (2) an order and judgment (one paper) of the same court, dated February 17, 1998, which granted the petition to the extent of vacating the award and directing a new hearing of the issues before the arbitrator.

Ordered that the appeal from the order dated December 19, 1997, is dismissed; and it is further,

Ordered that the order and judgment dated February 17, 1998, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment (one paper) in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award upholding his dismissal from the Town of Newburgh Police Department based on various violations of its rules and regulations.

Contrary to the petitioner's arguments, the arbitrator did not err in giving collateral estoppel effect to a judgment rendered against him in a criminal matter finding him guilty of various offenses arising from the same conduct at issue in the arbitration, even though the criminal judgment was still under appeal at the time the award was made (*see, Parkhurst v Berdell,* 110 NY 386, 392-393; *Matter of Amica Mut. Ins. Co. [Jones],* 85 AD2d 727). However, based on the subsequent reversal of the criminal judgment, which was the sole factual basis for the arbitration award at issue, the award must be vacated (*see generally, Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913; *Matter of Sprinzen [Nomberg],* 46 NY2d 623).

The Town also raises various arguments concerning the application of Public Officers Law § 30 (*see, Matter of Duffy v Ward,* 81 NY2d 127; *Matter of Sharkey v Police Dept.,* 179 AD2d 655). However, the statute was not a basis upon which the petition was dismissed and its applicability was not an issue raised before the arbitrator. Thus, the applicability of the statute is not properly before this Court.

The Town's remaining arguments either lack merit or do not warrant dismissal of the proceeding. S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.