■ In the Matter of BOARD OF EDUCATION OF EAST HAMPTON UNION FREE SCHOOL DISTRICT, Respondent, v JEFFREY YUSKO,

Appellant. [703 NYS2d 219] —In a proceeding pursuant to CPLR article 75 to modify a determination of a Hearing Officer made pursuant to Education Law § 3020-a, dated August 7, 1998, which, after a hearing, sustained certain charges of conduct unbecoming a teacher and suspended the appellant for 60 days, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated November 23, 1998, as granted that branch of the petition which was to vacate the penalty imposed and directed that the appellant's employment be terminated.

Ordered that the order is modified, on the law, without costs or disbursements, by deleting the provision thereof directing that the appellant's employment be terminated and substituting therefor a provision remitting the matter for a new hearing and determination on the issue of the penalty to be imposed before a new Hearing Officer.

In light of the unwanted and inappropriate physical contact and verbal conduct by the appellant with the students entrusted to his care over the course of three school years, the penalty imposed by the Hearing Officer, i.e., counseling, remediation, and a 60-day suspension, violated a strong public policy, and the Supreme Court properly vacated that penalty (*see,* CPLR 7511 [b] [1] [iii]; *see, e.g., Matter of Forte v Mills,* 250 AD2d 882; *Matter of Board of Educ. v Sobol,* 237 AD2d 721; *Matter of Cargill v Sobol,* 165 AD2d 131).

However, the Supreme Court exceeded its authority when it directed that the teacher's employment be terminated (*see,* CPLR 7511 [c]), rather than remitting the matter for a rehearing and new determination on the issue of the penalty to be imposed (*see,* CPLR 7511 [d]). O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.