OPINION OF THE COURT
Kevin K. Ryan, J.
Pending before the court is the petitioner’s request pursuant to CPLR article 75 and Education Law § 3020-a for an order vacating the penalty phase of the underlying arbitration award and imposing the penalty of dismissal or, alternatively, a remand of the penalty portion of the award for the imposition of a penalty based on the findings of misconduct made by the arbitrator.
The court has reviewed and considered the following papers: the notice of petition and the petition, filed January 27, 2005, the verified answer, dated March 9, 2005, and petitioner’s memorandum of law, the respondent’s memorandum of law, and reply memorandum of law by petitioner, as well as all the exhibits with the exception of petitioner’s exhibit J, which was not admitted at the arbitration hearing. In addition, on April 13, 2005, the court conducted an oral argument on this matter with both counsel present.
Statement of Facts
The respondent is a tenured second grade teacher at the Peru Central School District, located in Clinton County. He has taught there since 1999 and has had tenure since 2001. By all accounts, respondent was an excellent teacher as well as a popular one and coached various sports teams. Respondent had access to the computers located in his classroom and he, along with all District employees, signed a statement regarding appropriate use of the Internet on these computers. The policy prohibited the respondent, and everyone else, from using the Internet to view images that were “obscene” or “immoral.” *929 The policy stated any employee could lose network privileges for a violation.
The respondent used one or more of the computers in his classroom to search the Internet for pornographic images, using terms too offensive to repeat here, on the following occasions: February 9, 2004 from 3:06 p.m. to 3:56 p.m.; February 26, 2004 from 3:11 p.m. to 3:15 p.m.; March 1, 2004 from 3:16 p.m. to 3:26 p.m.; March 2, 2004 for one minute after regular school hours; March 3, 2004 from 3:13 p.m. to 3:26 p.m.; and at three separate times on March 9, 2004 from 9:43 a.m. to 10:05 a.m., from 11:46 a.m. to noon, and from 3:02 p.m. until 3:09 p.m. After the last search, the security software installed on the computer detected the nature of the searches and shut the respondent out. The respondent almost immediately went to the school principal and told her he had made a “terrible mistake.”
The parties agree the children were not present in the room at the times the respondent used the computer in this manner, nor is it disputed that two of the three incidents on March 9, 2004 were during regular school hours when the children were out of their regular classroom for other activities.
The petitioner brought seven charges against the respondent, including insubordination, neglect of his duties, searching for and viewing inappropriate, immoral and obscene images on the Internet and violating the District’s Internet policy. The respondent requested a hearing and it was held in October 2004. In January 2005, the hearing officer, who had been agreed upon by the parties, issued his findings; he found the respondent guilty of all but one of the charges.* The hearing officer imposed a penalty of a suspension without pay for the remainder of the 2004-2005 school year, and retained jurisdiction to himself for two years with the warning that should the respondent violate District policies in a similar manner in that time period, the hearing officer would impose the penalty of termination.
The petitioner then brought this petition seeking to overturn the penalty portion of the hearing officer’s findings.
Applicable Statutes
CPLR 7511 (b) (1) (iii) provides that an arbitration award “shall be vacated” if the court finds one of the parties’ rights *930 were violated because “an arbitrator . . . exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made.”
Education Law § 3020-a (5) limits a court’s review of an arbitration award to the grounds set forth in CPLR 7511. But in cases in which the parties are compelled by law to arbitrate, the courts must also review whether the “award [is] in accord with due process and supported by adequate evidencé in the record” (Matter of Bernstein [Norwich City School Dist. Bd. of Educ.], 282 AD2d 70, 73 [3d Dept 2001] [citations omitted], lv dismissed 96 NY2d 937 [2001]). Education Law § 3020-a (4) lists the possible penalties an arbitrator may impose. They are: a written reprimand, fine, suspension for some fixed time without pay and dismissal. In addition, the arbitrator may direct the employee to participate in “remedial action” such as a leave of absence with or without pay, continuing education, counseling or medical treatment. In this case, the arbitrator did not direct the respondent to participate in any type of remedial action.
Position of the Petitioner
Initially, petitioner asserts the hearing officer exceeded his authority under Education Law § 3020-a (4) by retaining jurisdiction over this case for the next two years. The petitioner also asserts this court should review the portion of the award that imposed the penalty, vacate it and impose the penalty of dismissal or, alternatively, remand the matter for the imposition of an appropriate penalty in accordance with the Education Law. In essence, the petitioner claims the penalty imposed was so inconsequential as to violate public policy. Petitioner asserts this court may intervene in this arbitration on public policy grounds in that both state and federal statutes prohibit pornography in classrooms and the District’s own policy imposed a more severe penalty for this behavior than that imposed here. Petitioner argues the penalty imposed trivializes the federal, state and local efforts to keep pornography out of classrooms.
Petitioner also argues the decision lacks a rational basis since the penalty imposed “shocks the conscience.”
Finally, petitioner argues the award is defective since the hearing officer did not make a finding of fact as to each and every specification for each charge, for instance, neglect of duty, insubordination and conduct unbecoming to a teacher.
*931 Respondent’s Position
The respondent counters that the “public policy” to which petitioner refers must be “explicit, well-defined and dominant” and argues that no such policy concerns were implicated here since no student actually viewed the pornography. Although, respondent admits, there were general policy concerns at work in this case, the Education Law gives the hearing officer the discretion to determine what to do in such cases and the 1994 amendment to Education Law § 3020-a means the petitioner is bound by that exercise of discretion unless the narrow grounds for vacating the award listed in CPLR 7511 are present.
In addition, respondent argues, Education Law § 3020-a gives the hearing officer the authority to monitor compliance with his penalties since subdivision (4) permits the imposition of such penalties as continuing education and counseling.
Determination
Initially, under Education Law § 3020-a, the court cannot allow the penalty to stand as it is since the hearing officer had no authority in this case to retain jurisdiction over the respondent’s behavior until the end of the 2006-2007 school year. However, this action alone does not render the award so imperfect such that “a final and definite award upon the subject matter submitted was not made” (see CPLR 7511 [b] [1] [iii]). Rather, the hearing officer simply exceeded his power to make an award. Although the respondent is correct that a hearing officer may reserve jurisdiction over a case where disputes may arise in the future when implementing the award (see Matter of Meisels v Uhr, 79 NY2d 526 [1992]), such is not the case here. The hearing officer did not direct the respondent to engage in any future ameliorative actions and, thus, there was nothing to implement. Respondent cited a case, Matter of Snyder-Plax v American Arbitration Assn. (196 AD2d 872 [2d Dept 1993], lv denied 83 NY2d 757 [1994]), in which the hearing officer retained jurisdiction over a case in which the final calculation of interest owed remained to be done. The Appellate Division, Second Department, while generally agreeing with a hearing officer’s ability to ensure the award was implemented, found that calculation of interest was merely a “ministerial act” (ibid, at 874).
Nor may the court simply delete that section of the award which retains jurisdiction over the respondent for two years since to do so would impose the court’s determination as to an *932 appropriate penalty which it is not permitted to do (Matter of Board of Educ. of E. Hampton Union Free School Dist. v Yusko, 269 AD2d 445 [2d Dept 2000]). In addition, given the hearing officer’s evident difficulty with fashioning an appropriate penalty for the respondent’s misconduct, the court cannot now say the hearing officer would be satisfied with the imposition of only a suspension without pay.
However, even if the court were to find the hearing officer had not exceeded his authority under CPLR 7511 (b) (1) (iii), the court would be bound by public policy concerns to vacate the award and remand for a redetermination of the appropriate penalty.
A court may intervene in arbitration on public policy grounds only in exceptional cases; they must be cases in which “public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator” (Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002], quoting Matter of Sprinzen [Nomberg], 46 NY2d 623, 631 [1979]). So the issue facing the court is whether public policy concerns as embodied in statute and decisional law prohibit the award made by the hearing officer in this case. The court believes they do.
As outlined in the petitioner’s papers, while the Internet provides a wonderful addition to the teaching tools available in schools, its presence also presents the possibility for damaging and far-reaching abuse. For precisely that reason, the Federal Legislature passed the Child Internet Protection Act which aims to protect children from pornography available on the Internet. The hammer to ensure this event is avoided is the federal government’s control of the purse strings. This case involves a guardian, custodian and role model for seven- and eight-year-old children placing pornography on computers the children access on a regular basis. The respondent’s illicit use of the computer continued, became more frequent and lengthened in time as he was not found out and even started to occur while the children were still in the school building. It is undisputed the respondent did not report his inappropriate use of the computer until he was caught by the blocking software.
The Court of Appeals has held that only in cases in which a school board’s interest in maintaining adequate standards in a classroom is “attached to a well-defined law that public policy is implicated” (Matter of United Fedn. of Teachers, Local 2, AFT, *933 AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 81 [2003]). The facts of this case meet this narrow definition: the respondent was found to have neglected his responsibilities as a teacher while placing pornography within the easy reach of young children, behavior that is explicitly forbidden.
Since the hearing officer not only exceeded his authority under CPLR 7511 (b) (1) (iii) but also violated public policy with the penalty portion of the award, that portion must be vacated and the matter remanded for a determination of an appropriate penalty.
Petitioner urges the court to not only vacate the award but also impose its own penalty of dismissal. The petitioner’s position ignores the fact that the court cannot impose its own penalty instead of remitting the matter for a redetermination on the issue of penalty (see, Matter of Board of Educ. of E. Hampton Union Free School Dist. v Yusko, 269 AD2d 445, 446 [2d Dept 2000], supra).
For the reasons stated above, the petition is granted to the extent that the penalty portion of the award is vacated and remanded for determination of an appropriate penalty in light of the findings before the previously agreed-upon hearing officer.

 The hearing officer found the respondent not guilty of the charge of providing false and misleading information to the District administration during their investigation into the matter.