■ In the Matter of the Arbitration between BINGHAMTON CITY SCHOOL DISTRICT et al., Respondents, and BRIAN PEACOCK, Appellant. (And Another Related Proceeding.) [848 NYS2d 382]—

Rose, J. Appeal from an order of the Supreme Court (Lebous, J.), entered November 15, 2006 in Broome County, which, among other things, granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

In a prior decision (33 AD3d 1074 [2006], *appeal dismissed* 8 NY3d 840 [2007]), which fully sets forth the relevant facts, we affirmed the earlier decision of Supreme Court (Hester, Jr., J.) to vacate the penalty imposed in a Hearing Officer's award made pursuant to Education Law § 3020-a. We held that the one-year suspension of respondent, a tenured teacher, for his grossly inappropriate relationship with a 16-year-old female high school student violated a strong public policy. Since Supreme Court had remitted the matter for imposition of a new penalty and no stay was in place, the Hearing Officer reconsidered the matter upon submissions during the pendency of that appeal and imposed a two-year suspension without pay. Petitioners then commenced these CPLR article 75 proceedings seeking to vacate the new award. Citing this Court's intervening decision, Supreme Court (Lebous, J.) vacated the new award because it failed to protect students from respondent's harmful conduct and remitted the matter to a different hearing officer for imposition of a new penalty.

Respondent now appeals, contending that Supreme Court misconstrued our prior decision as holding that, in the circumstances of this case, public policy mandates termination and any other penalty would be inappropriate. We disagree. In its decision, Supreme Court correctly observed that we did not describe how far into the future an appropriate penalty would extend to protect students from respondent, and the court determined only that the two-year suspension violates the strong public policy we identified (33 AD3d at 1076; *see City School Dist. of City of N.Y. v Campbell*, 20 AD3d 313, 314 [2005]; *Board of Educ. of City of N.Y. v Hershkowitz*, 308 AD2d 334, 336-337 [2003], *lv dismissed* 2 NY3d 759 [2004]; *Matter of Board of Educ. of E. Hampton Union Free School Dist. v Yusko*, 269 AD2d 445, 446 [2000]).

In our prior decision, we rejected the penalty originally

imposed here because we found that "an identifiable public policy exists, 'embodied in statute or decisional law, [which] prohibit[s], in an absolute sense' [certain relief being granted]" *(Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 11-12 [2002], quoting *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]; *see* 33 AD3d at 1078). In that respect, it was not the length of the suspension that was objectionable. Rather, since respondent "ha[d] been insubordinate, refuse[d] to admit that he . . . ha[d] done anything wrong and show[ed] no remorse," the award would have returned him to the classroom with no assurance that students would be adequately protected from him in the future (33 AD3d at 1077).

In light of the Hearing Officer's continued finding that respondent lacked remorse for his inappropriate relationship with the student and had demonstrated an "extraordinarily arrogant insensitivity to what his actions did to [the student] and her family," the suspension—whether one year or two years—is not adequate. Until respondent acknowledges the harm he has caused and undertakes counseling or other remedial action, no period of suspension could safeguard petitioners' students upon his return to classroom teaching. Whether respondent's termination is the only penalty that would assure this, or whether some other restrictions could be effective, is an issue to be resolved by the Hearing Officer upon the ordered remittal. Finally, since the Hearing Officer did not have the benefit of our earlier decision and will now have this decision as guidance before determining a new penalty, we do not find it necessary that the remittal be to a new Hearing Officer.

Cardona, P.J. and Lahtinen, J., concur.

Crew III, J. (concurring). We concur in the result, on constraint of the majority opinion in *Matter of Binghamton City School Dist. (Peacock)* (33 AD3d 1074 [2006], *appeal dismissed* 8 NY3d 840 [2007]).

Mugglin, J., concurs. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as directed remittal to a new Hearing Officer, and, as so modified, affirmed.