■ In the Matter of the Arbitration between STATE OF NEW YORK OFFICE OF MENTAL HEALTH, Appellant, and NEW YORK

Kane, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 12, 2006 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In June 2004, respondent Taras Neznanyj, an employee of petitioner, was arrested on charges of assault in the third degree and official misconduct for allegedly slapping and punching a patient at one of petitioner's facilities. Petitioner served Neznanyj with two separate notice of discipline instruments charging him with 11 separate instances of misconduct based on him slapping and punching the patient, as well as speaking to the patient in a loud and inappropriate manner, threatening the patient to forestall reporting of the incidents and encouraging two other patients to take the blame for striking the patient. In December 2004, following a jury trial on the criminal charges, Neznanyj was convicted of assault in the third degree and official misconduct.

In March 2005, arbitration hearings commenced regarding the employee misconduct. The arbitrator preliminarily ruled that he would not hear evidence regarding the outcome of the criminal trial. He instead reviewed transcripts from the trial and heard testimony from 13 witnesses regarding the incidents. Following the hearing, the arbitrator determined that Neznanyj had spoken to the patient in a loud and inappropriate manner and dismissed the remaining charges, imposing a three-day suspension without pay as a penalty for the one sustained charge. Petitioner commenced this proceeding seeking vacatur of the award. Supreme Court confirmed the award, prompting petitioner's appeal. We reverse.

Once a dispute has been properly submitted to arbitration, a court may only vacate the award if a provision of CPLR 7511 (b) applies (see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). Here, the arbitrator exceeded his power and committed misconduct by excluding pertinent and material evidence, which resulted in an irrational factual conclusion (see CPLR 7511 [b]

[1] [i], [iii]; *Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d 319, 323 [1976]; *Board of Educ. of City of N.Y. v Hershkowitz*, 308 AD2d 334, 336-338 [2003], *lv dismissed* 2 NY3d 759 [2004]).

A jury found beyond a reasonable doubt that Neznanyj, an employee of petitioner entrusted with the care of mental health patients, committed the crimes of official misconduct and assault in the third degree in connection with incidents during which he slapped and punched a patient at one of petitioner's facilities. The arbitrator refused to admit proof of Neznanyj's convictions into evidence at the arbitration, instead conducting a de novo hearing on the same issue.

While arbitrators do not act irrationally or exceed their authority by giving collateral estoppel effect to criminal judgments (*see Matter of Beard v Town of Newburgh*, 259 AD2d 613, 614 [1999], *lv dismissed* 93 NY2d 958 [1999]), the failure to recognize and accept judgments of conviction and give them preclusive effect in subsequent proceedings is irrational.* Here, the arbitrator acted irrationally and committed arbitral misconduct by not admitting proof of Neznanyj's criminal convictions which directly related to the charged employee misconduct and conclusively resolved the question of whether he committed that misconduct (*see Board of Educ. of City of N.Y. v Hershkowitz*, 308 AD2d at 336-338; *see also Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d at 323; *Matter of Janis v New York State Div. of Hous. & Community Renewal*, 271 AD2d 878, 879 [2000]; *Matter of Bernstein v Mitgang*, 242 AD2d 328, 328-329 [1997]; *Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuff Import & Export Corp., Shanghai Foodstuffs Branch*, 172 AD2d 224, 225 [1991] [vacatur justified where arbitrator refused to consider pertinent and material evidence]). Thus, we grant petitioner's application to vacate the arbitration award (*see* CPLR 7511 [b] [1] [i], [iii]).

The preclusive effect of criminal convictions may mandate a finding of employee misconduct, but the arbitrator is still able to select the appropriate penalty based upon that misconduct, giving due consideration to any public policy implications (*see*

---

* Even the pendency of an appeal does not prevent the use of a criminal judgment in a subsequent civil matter to collaterally estop the person who was the criminal defendant (*see Parkhurst v Berdell*, 110 NY 386, 392-393 [1888]; *Matter of Capoccia*, 272 AD2d 838, 846 [2000], *lv dismissed* 95 NY2d 887 [2000]; *Samhammer v Home Mut. Ins. Co. of Binghamton*, 120 AD2d 59, 64 [1986]; *Matter of Amica Mut. Ins. Co. [Jones]*, 85 AD2d 727, 728 [1981]). Neznanyj's convictions were affirmed on appeal (*People v Neznanyj*, 12 Misc 3d 143[A], 2006 NY Slip Op 51423[U] [2006]).

*Matter of Binghamton City School Dist. [Peacock]*, 46 AD3d 1042 [2007]; *City School Dist. of City of N.Y. v Campbell*, 20 AD3d 313, 314 [2005]). Hence, we vacate the arbitration award and remit the matter to the arbitrator for a determination of the appropriate penalty.

Crew III, J.P., Peters and Rose, JJ., concur.

Mugglin, J. (dissenting). I respectfully dissent. The majority concludes that the arbitrator committed misconduct by excluding pertinent and material evidence—i.e., respondent Taras Neznanyj's convictions—and the result was an irrational factual conclusion. I disagree. In my view, *prejudicial* arbitral misconduct (*see* CPLR 7511 [b] [1] [i]), which, as the majority correctly notes, occurs when an arbitrator refuses to hear pertinent and material evidence, is a separate and distinct ground for vacating an award, and was not urged by petitioner as a basis for vacating this award. As this dispute had been properly submitted to arbitration, it may be vacated only if one or more provisions of CPLR 7511 (b) apply (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). The third of these—and the only one here urged as applicable—is that the arbitrator exceeded his power (*see* CPLR 7511 [b] [1] [iii]). An arbitrator exceeds his or her power "only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336; *accord Matter of North Country Community Coll. Assn. of Professionals [North Country Community Coll.]*, 29 AD3d 1060, 1061-1062 [2006], *lv denied* 7 NY3d 709 [2006]; *see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]; *Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d 1074, 1075 [2006], *appeal dismissed* 8 NY3d 840 [2007]). The powers of an arbitrator are broad, and are not constrained by traditional rules of procedure or substantive law (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]).

It was within the arbitrator's power to determine that he would not consider the criminal *convictions* because they were not the basis for the charges in either notice of discipline, and to conduct a de novo review of the incidents. Moreover, excluding the certificates of conviction does not exclude pertinent and material evidence on the issue of the employee's alleged misconduct. During the hearings, the arbitrator reviewed transcripts from the criminal trial, and heard testimony from six witnesses for petitioner and seven witnesses for respondents

regarding the incidents. The arbitrator's determination that Neznanyj did not assault the patient or commit official misconduct was based on his interpretation of the evidence and his determination of witness credibility, which led to his inability to conclude how or when the injury occurred. Therefore, in my view, *prejudicial* arbitral misconduct did not occur and the arbitration award was not irrational, inasmuch as the arbitrator acted within the scope of his powers in conducting the hearings, determining what evidence to consider, and evaluating the evidence before him.

Further, the majority holds that the convictions conclusively resolve the question of whether Neznanyj committed misconduct—i.e., they must be given collateral estoppel effect. Again, I disagree. While *Matter of Beard v Town of Newburgh* (259 AD2d 613 [1999], *lv dismissed* 93 NY2d 958 [1999]) holds that the arbitrator does not act irrationally or exceed his or her authority by giving collateral estoppel effect to criminal judgments, this decision (and the other cases cited by the majority) is not authority for the proposition that an arbitrator *must* give collateral estoppel effect to criminal convictions. In the absence of such authority, I would affirm because if the arbitrator is not collaterally estopped by the convictions (and if so, what is there to arbitrate?), then no prejudicial arbitral misconduct has occurred by the failure to admit the certificates of conviction when the arbitrator has heard the underlying evidence.

Ordered that the judgment is reversed, on the law, without costs, application granted, arbitration award vacated and matter remitted to the arbitrator for further proceedings not inconsistent with this Court's decision.