■ In the Matter of CITY OF NEW YORK, Appellants, v ORGANIZATION OF STAFF ANALYSTS et al., Respondents. [960 NYS2d 7]—

Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered October 27, 2011, which denied petitioners' motion to vacate an arbitration award and granted respondents' cross motion to confirm, unanimously affirmed, without costs.

The penalty imposed by an arbitrator should be affirmed, unless it shocks the conscience (*Matter of Waldren v Town of Islip*, 6 NY3d 735 [2005]). Here, the imposition of a one year suspension, rather than termination, where the employee accessed the personnel files of two coworkers does not "shock the conscience." While it is true that an award can be overturned where it is directly contrary to a settled public policy (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003]), imposing a one year suspension, rather than termination, does not violate the policy of protecting confidential information. Nor does the imposition of a penalty short of termination render the award irrational, because there is a possibility that the employee will reoffend, especially where there has been no criminal conviction and there is a clear, substantial penalty imposed to deter such future conduct (*cf. Matter of Social Servs. Empls. Union, Local 371 v City of N.Y., Dept. of Juvenile Justice*, 82 AD3d 644, 645 [1st Dept 2011]). Finally, the employee's lack of remorse, while relevant to the risk of recidivism, does not here rise to the level in the cases relied upon by the City (*see Matter of Binghamton City School Dist. [Peacock]*, 46 AD3d 1042, 1044 [3d Dept 2007] [school teacher's lack of remorse or understanding of moral aspect of inappropriate relationship with teen student required termination until counseling or other remedial steps taken]). Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ. **[Prior Case History: 2011 NY Slip Op 32865(U).]**