*457 Judgment, Supreme Court, New York County (Geoffrey D. Wright, J), entered October 6, 2011, confirming an arbitral award, unanimously affirmed, with costs.
Respondents Everlast World’s Boxing Headquarters Corp. and Everlast Worldwide, Inc. (Everlast) did not default by failing to timely answer the petition or by moving to vacate the arbitral award instead of filing a cross petition to dismiss (see CPLR 404, 7502 [a] [iii]). Indeed, Everlast’s motion to vacate did not prejudice any substantial right belonging to petitioner (see CPLR 2001).
The arbitrators committed no misconduct (see CPLR 7511 [b] [1] [i]) when they did not require petitioner to disclose its representation agreements with its other licensors. Everlast failed to show by clear and convincing evidence that those agreements were necessary to prove their defense (Financial Clearing & Servs. Corp. v Katz, 172 AD2d 290 [1st Dept 1991]).
The arbitrators did not exceed their power (see CPLR 7511 [b] [1] [iii]) by affording the word “termination” a different construction from the one that Everlast urged. To be sure, even by common usage, the words “termination” and “expiration” are not generally synonymous. Rather, the word “termination” connotes severance of a relationship before the natural expiration of a term certain, while the word “expiration” connotes an ending occurring upon the passage of time. Courts have both tacitly and explicitly accepted these constructions (see Remco Maintenance, LLC v CC Mgt. & Consulting, Inc., 85 AD3d 477, 480-481 [1st Dept 2011] [court draws a distinction between “natural expiration of the term of the agreement,” on the one hand, and termination under notice of cancellation or breach, on the other]; see also Matter of Paul, 95 AD3d 1647, 1648 [3d Dept 2012] [referring to “expiration” of two-year period while referring to “termination” as a specific event contingent on court approval]; accord In re Turner, 326 BR 563, 575 [WD Pa 2005]; In re Morgan, 181 BR 579, 584 [ND Ala 1994]; Piedmont Interstate Fair Assn, v City of Spartanburg, 274 SC 462, 465-466, 264 SE2d 926, 927 [1980]).
Moreover, reference to paragraph VI (3) (e)—the only paragraph that the parties asked the arbitrators to interpret— suggests that the parties did not consider the two words to be synonymous. Specifically, in that paragraph, the parties’ provide that “in the event of termination of this Agreement,” petitioner would be entitled to certain fees after the termination. However, in paragraph IV the agreement states that it was to expire on *458 December 31, 2004 at the latest, unless one of the parties terminated it earlier upon the occurrence of certain enumerated events. Thus, there existed no uncertainty as to the date for the expiration of the agreement. If the parties understood “termination” to be synonymous with “expiration,” they would have had no need to use the conditional phrase “in the event of termination,” as the agreement was already set to expire automatically on a predetermined date. Therefore, the arbitrators’ construction was not irrational and, despite Everlast’s assertions otherwise, did not effectively rewrite the parties’ agreement (see Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [I960]).
Everlast argues that no evidence supports the arbitrators’ interpretation of the parties’ agreement. However, this argument is unavailing, because “[mjanifest disregard of the facts is not a permissible ground for vacatur of an award” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 483 [2006], cert dismissed 548 US 940 [2006]; see also e.g. Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d 119, 125 [2010]). At any rate, the record does contain evidence supporting the arbitrators’ decision.
We have considered the parties’ remaining contentions and find that they are unavailing. Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.