Determination of respondent Police Commissioner, dated September 28, 2011, which terminated petitioner’s employment as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, JJ, entered April 26, 2012), dismissed, without costs.
The determination that petitioner engaged in serious misconduct is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Petitioner admitted that he left a loaded firearm unsecured in his backpack on a desk in a college library and later made an unauthorized call to a witness in an investigation against him. Moreover, the evidence shows that on another occasion, petitioner made vulgar statements and exposed his genitals to an arrestee while on duty in the precinct. There exists no basis to disturb the credibility determinations of the Hearing Officer (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
The penalty imposed does not shock the conscience since respondent “is accountable to the public for the integrity of the Department” (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [internal quotation marks omitted]). Concur—Mazzarelli, J.P, Saxe, Moskowitz and Manzanet-Daniels, JJ.