Determination of respondent Police Commissioner, dated March 26, 2012, which terminated petitioner’s employment as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered September 14, 2012), dismissed, without costs.
Substantial evidence supports the findings that petitioner placed false 911 calls reporting disturbances at a local establishment in retaliation for not being allowed entry while he was off-duty; that he lied when questioned about the incidents; that he contacted other officers involved with the investigation after being ordered not to do so; and that he was discourteous and exhibited unbecoming conduct when he left an obscene and verbally abusive message for his former girlfriend, threatening her with being arrested and issued summonses (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). There exists no basis to disturb the credibility determinations of the Hearing Officer (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
Given the seriousness of the sustained charges, the penalty of termination does not shock our sense of fairness (see Matter of Alvarez v Kelly, 2 AD3d 219 [1st Dept 2003]; see also Matter of Hopper v Kelly, 106 AD3d 530 [1st Dept 2013]).
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Sweeny, J.R, Andrias, Moskowitz, DeGrasse and Gische, JJ.