In the Matter of ROSANDRE BURGHER, Petitioner, v WILLIAM J. BRATTON et al., Respondents. [62 NYS3d 803]—

Determination of respondent Police Commissioner, dated July 23, 2015, which terminated petitioner's employment as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Lucy Billings, J.], entered May 17, 2016), dismissed, without costs.

The determination finding petitioner guilty of three specifications is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]), and there exists no basis to disturb the credibility determinations of the Hearing Officer (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Contrary to petitioner's claim, the Hearing Officer gave preclusive effect to the minor's conviction for filing a false instrument (see Matter of State of N.Y. Off. of Mental Health [New York State Correctional Officers & Police Benevolent Assn., Inc.], 46 AD3d 1269, 1271 [3d Dept 2007], lv dismissed 10 NY3d 826 [2008]), but based her determination on statements of the minor that were not a subject of the false instrument and were corroborated by documents and her assessment of petitioner's credibility.

The penalty of termination does not shock our sense of fair-

ness in light of the seriousness of the charges and respondents' responsibility to account "to the public for the integrity of the Department" (*Matter of Hopper v Kelly*, 106 AD3d 530, 530 [1st Dept 2013]; *see Matter of Gonzalez v Kelly*, 114 AD3d 591 [1st Dept 2014]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.