Matter of New York City Asbestos Litig. (2020 NY Slip Op 05579)





Matter of New York City Asbestos Litig.


2020 NY Slip Op 05579


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Index No. 190150/18 Appeal No. 11986 Case No. 2019-05469 

[*1]In re New York City Asbestos Litigation.
Helen Haley, Individually and As Executrix of the Estate of Edward Haley, Deceased, Plaintiff-Respondent,
ABB, Inc., et al., Defendants, Munaco Sealing Solutions, Inc., Defendant-Appellant.


McElroy, Deutsche, Mulvaney & Carpenter, LLP, New York (Joseph P. LaSala of counsel), and Spilman Thomas & Battle, PLLC, Winston-Salem, NC (Stephanie Underwood Eaton of the bar of the State of North Carolina, admitted pro hac vice, of counsel), for appellant.
Wilentz, Goldman & Spitzer, P.A., New York (Andrew Grous of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 13, 2019, which denied defendant's CPLR 3211(a)(8) motion to dismiss the complaint and all cross claims against it, for lack of personal jurisdiction, unanimously affirmed, with costs.
The prior decisions in Herlihy v A.F. Supply Corp. (112 AD3d 529 [1st Dept 2013])and DeRozieres v ABB, Inc. (2019 NY Slip Op 31628[U] [Sup Ct, NY County 2019, Manuel J. Mendez, J.) collaterally estop defendant from relitigating the issue of its amenability to personal jurisdiction in this action under a theory of successor jurisdiction (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
The fact that defendant had filed a notice of appeal when it settled the DeRozieres action "did not suspend the operation of the judgment as an estoppel" (Parkhurst v Berdell, 110 NY 386, 392-393 [1888]; see Matter of State of New York Off. of Mental Health [ New York State Correctional Officers & Police Benevolent Assn., Inc.], 46 AD3d 1269, 1271 n * [3d Dept 2007], lv dismissed 10 NY3d 826 [2008]; Matter of Beard v Town of Newburgh, 259 AD2d 613, 614 [2d Dept] , lv dismissed 93 NY2d 958 [1999] [same]).
We reject defendant's contentions that the preclusive effect of the decision in Herlihy is vitiated by new evidence or a change in the law (see Ryan v New York Tel. Co., 62 NY2d 494, 504 [1984]). Nothing in the newly submitted contract by which defendant's New York predecessor (Munaco-NY) conveyed a portion of its assets to another New York entity alters or even contradicts the wealth of evidence supporting the Herlihy court's finding that defendant was the successor to Munaco-NY. Nor has defendant pointed to any cases which would constitute a change in this Court's law regarding successor jurisdiction, particularly in light of our own endorsement of that principle in our affirmance in Herlihy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020