■ In the Matter of MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED et al., Appellants, v MARTHA PRISCILLA GRAEF, as Executrix of ROBERT L. GRAEF, Deceased, Respondent. [823 NYS2d 387]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered September 21, 2005, which granted respondent's cross motion to confirm an arbitration award of compensatory damages in the amount of $148,000, unanimously affirmed, with costs.

Petitioners have not established that the award was the product of fraud, misconduct or any partiality on the part of any of the arbitrators; that the arbitrators exceeded their authority in any way; that the arbitration was procedurally defective; or that the award was irrational or violative of a strong public policy (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). Moreover, insofar as petitioners argue that the award was in manifest disregard of applicable law, it is well settled that such an award may not be vacated for errors of law or fact committed by the arbitrators (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* — US —, 165 L Ed 2d 1012 [2006]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]).

Petitioners further maintain that the award must be vacated because one of the three arbitrators failed to disclose that he had once been counsel to clients who had not prevailed in an arbitration proceeding against petitioner brokerage firm, speculating that this motivated him to avenge his loss in that matter by voting for the award herein. However, not only was the decision by the panel in the present matter unanimous, but there was no relationship between such arbitrator and either client herein, and no evidence of any bias by this arbitrator, who had no financial interest in the proceeding (*see Matter of Weinrott [Carp]*, 32 NY2d 190, 201 [1973]; *Lucent Tech. Inc. v Tatung Co.*, 379 F3d 24, 28 [2d Cir 2004]). Indeed, there is no "per se rule requiring vacatur of an award whenever an undisclosed relationship is discovered" (*id.* at 30).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.