■ LUDMILLA ZINGER, Appellant, v RICHARD KAYE et al., Respondents. [912 NYS2d 404]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 4, 2009, which, inter alia, in this dispute over legal fees, granted respondents' motion to confirm an amended arbitration award in favor of respondent law firm in the amount of $10,014.14, plus interest and costs, unanimously affirmed, without costs.

Appellant's argument on appeal amounts to an assertion that the arbitrators erred in their interpretation of the facts. This assertion, even if accepted as true, is not a sufficient basis upon which to set aside an arbitration award (*Matter of Merrill Lynch, Pierce, Fenner & Smith Inc. v Graef*, 34 AD3d 220, 221 [2006]). Furthermore, appellant has failed to establish any other grounds upon which the arbitration award may be set aside, such as that the award was the product of fraud, misconduct, or partiality by any of the arbitrators; that the arbitrators exceeded their authority; that the arbitration was procedurally defective; or that the award was irrational or violated any strong public policy (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]; CPLR 7511 [b]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Catterson, Acosta, Richter and Abdus-Salaam, JJ.