■ In the Matter of CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, Respondent, v CITY OF NEW YORK et al., Appellants. [715 NYS2d 387] —Order, Supreme Court, New York County (Emily Goodman, J.), entered May 7, 1999, which granted petitioner union's application to confirm an arbitration award interpreting a clause in the parties' collective bargaining agreement providing for military leave with pay, and denied respondents City of New York's and New York City Department of Correction's cross motion to vacate or modify the award, unanimously affirmed, without costs.

The arbitrator did not exceed his authority in awarding class relief, since the request for arbitration, jointly submitted by the parties, expressly framed the proceeding as a "Class Action

grievance" due to the fact that numerous of petitioner's members were subject to call for military duty and were therefore affected by the manner in which respondents applied the clause in the case of the individual who filed the grievance. There is no indication that this request for class relief was ever withdrawn by petitioner, or objected to by respondents, at the hearing, and several indications that at various points it was affirmatively reiterated by petitioner. Although the "issue" framed by the parties did not refer to the class aspect of the submission, the remedy sought was expressed in open-ended terms that certainly did not limit the arbitrator's power to grant any specific relief. Nor does it avail respondents that petitioner apparently failed to comply with the agreement's grievance procedure for grievances affecting a large group of employees, since article XXI, section 8 of the agreement permits the parties to waive any step in the grievance procedure, which respondents did when they stipulated to a submission that requested class relief. To the extent petitioner might not have fully complied with the provisions of Administrative Code of the City of New York § 12-312 (d), requiring the filing of a signed waiver by "the grievant or grievants" with the Office of Collective Bargaining, respondents waived any such objection by failing to challenge the arbitrability of the claim within 10 days, as required by Rules of the Office of Collective Bargaining (61 RCNY) § 1-06 (d). The arbitrator's interpretation of the clause in dispute was not totally irrational, and therefore was properly confirmed. Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.