[845 NE2d 1243, 812 NYS2d 413]

In the Matter of NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, v TRANSPORT WORKERS' UNION OF AMERICA, LOCAL 100, AFL-CIO, et al., Appellants.

Argued November 15, 2005; decided December 20, 2005

 

**POINTS OF COUNSEL**

*Schwartz, Cure, Lichten & Bright, P.C.*, New York City (*Arthur Z. Schwartz* and *Daniel R. Bright* of counsel), for appellants. I. The lower courts impermissibly vacated the Franklin Woodruff arbitration award and expanded the narrow scope of judicial review of arbitral awards. (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623; *Steelworkers v Warrior & Gulf Nav. Co.*, 363 US 574; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578; *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d 1007; *Paperworkers v Misco, Inc.*, 484 US 29; *Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341; *Matter of Adelstein v Ortiz Funeral Home Corp.*, 75 AD2d 529; *Matter of Onteora Cent. School Dist. at Boiceville [Onteora Non-Teaching Empls. Assn.]*, 56 NY2d 769.) II. The lower courts erred by narrowly interpreting the decision-making authority conferred on the arbitrator by the contract. (*Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341; *Board of Educ., Bellmore-Merrick Cent. High School Dist., Nassau County v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167; *Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington*, 33 NY2d 229; *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d 1007; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452; *Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 95 AD2d 497; *Matter of Windsor Cent. School Dist. [Windsor Teachers Assn.]*, 306 AD2d 669.) III. The lower courts erred by vacating an arbitration award where the arbitrator properly applied the terms of the contract and did

not exceed the scope of his authority as conferred by the contract. (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72.)

*Office of the General Counsel, New York City Transit Authority,* Brooklyn (*Robert K. Drinan* and *Martin B. Schnabel* of counsel), for respondents. The lower courts correctly determined that the arbitrator exceeded the contractual limitations on arbitral authority. (*Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Western Union Tel. Co. [American Communications Assn., C. I. O.],* 299 NY 177; *Matter of Lange-Finn Constr. Co. [Joyce & Sons—Kramer & Sons],* 50 AD2d 696; *Matter of Professional Trade Show Servs. v Licensed Ushers & Ticket Takers Local Union 176 of Serv. Empls., Intl. Union, AFL-CIO,* 262 AD2d 42.)

### OPINION OF THE COURT

G.B. SMITH, J.

The issue here is whether the arbitrator's award was properly vacated. We conclude that it was not and reverse the order of the Appellate Division.

On September 14, 2001, Franklin Woodruff, who had been employed by the Transit Authority for 22 years, returned to his job as a stock worker after an absence due to an on-the-job injury to his fingers, arm and shoulder. Woodruff was out of work from July 31 to September 13, 2001.

Pursuant to Collective Bargaining Agreement (CBA) Policy/Instruction on Drugs and Controlled Substances ¶ 5.3.1, employees returning to work after 21 or more days off are required to take a drug-screening test by providing a urine specimen. It is undisputed that Woodruff reported to the Transit Authority Medical Assessment Center on September 14, 2001 and that he did not provide a sample. Woodruff states that he was unable to urinate. On October 9, 2001, Woodruff was evaluated by Dr. Avram Nemetz, who found no medical condition or history preventing Woodruff from urinating. On October 23, 2001, he received a disciplinary charge pursuant to CBA Policy/Instruction ¶ 6.2 which states that a refusal to take the required urine test is deemed an admission of improper use of controlled substances with a resultant dismissal. A hearing was held that same day. As mandated by the CBA, the hearing was step I of the grievance proceeding. The charge was sustained at the hearing and the hearing officer recommended dismissal. Pursuant to

section 6.1 (C) (10) of the CBA, the matter proceeded directly to a step III hearing.

On November 5, 2001, at a step III disciplinary decision, the charge and penalty were sustained. Woodruff requested arbitration. Under the CBA, the arbitrator had the authority to resolve all grievances so long as he did not change the terms of the CBA. After a hearing, the arbitrator noted that Woodruff was over 60 years of age and had been employed by the Authority for over 22 years, always in a non-safety-sensitive position. At the time of the grievance, Woodruff was a stock worker and the arbitrator concluded that the employee had "constructively failed to comply with the legitimate request by the Authority for a urine test" but that "the peculiar facts of this case do not indicate that this becomes the equivalent of a failure of a drug test." The arbitrator then reduced the penalty from termination to suspension and reinstatement to the former position with no back pay.

The Transit Authority filed a CPLR article 75 petition to vacate the arbitrator's award. On June 13, 2003, Supreme Court granted the petition, concluding that the arbitrator's decision was irrational. Supreme Court wrote:

> "The court finds, however, that the arbitrator in this case did not limit his determinations to the permissible realm of interpretation and application of the CBA, but rather issued an Award which constituted an impermissible amendment or modification of the CBA in violation of the arbitrator's circumscribed authority to determine grievances."

Supreme Court found further that the arbitrator had created a new category of infraction and impermissibly modified the CBA. Supreme Court wrote:

> "This new category of infraction and punishment effectively amends and modifies the CBA, creating a lesser penalty for those who are unable to provide a urine sample within the allotted time frame due to actions, for example, that they took prior to the examination (i.e. urinating several times previous to the examination, as Mr. Woodruff allegedly did). Such an amendment or modification exceeds the arbitrator's authority to determine grievances and his concomitant authority to interpret and apply the provisions of the CBA."

The Appellate Division affirmed. This Court granted leave to appeal, and we now reverse and reinstate the arbitrator's award.

On this appeal the Transport Workers' Union (TWU) argues that the arbitrator did not exceed the scope of his authority. According to the TWU, it is the court that has exceeded its judicial authority and is preventing the arbitrator from interpreting the CBA. TWU requests that the arbitrator's decision be reinstated. The Transit Authority counters that the arbitrator clearly exceeded his authority, the decision of the arbitrator was irrational and the lower courts applied the correct standard in overturning the award.

An arbitrator is charged with the interpretation and application of the agreement (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]). Courts may vacate an arbitrator's award only on the grounds stated in CPLR 7511 (b). The only such ground asserted here is that the arbitrator "exceeded his power" (CPLR 7511 [b] [1] [iii]). Such an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School District of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326-328 [1999]). Moreover, courts are obligated to give deference to the decision of the arbitrator (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979] ["An arbitrator's paramount responsibility is to reach an equitable result, and the courts will not assume the role of overseers to mold the award to conform to their sense of justice"]). This is true even if the arbitrator misapplied the substantive law in the area of the contract (*see Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington*, 33 NY2d 229, 235 [1973]; *see also Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 581 [1977]).

Here, the decision by the arbitrator was not irrational nor did it exceed a specifically enumerated limitation on his power. The arbitrator did not find that the employee refused to provide a urine sample as outlined in paragraph 6.2. The arbitrator was within his authority to determine that the employee's failure to provide a urine sample for a drug test was not a refusal when that employee reported for the exam and was prepared to

provide a sample but claimed he was physically unable to. It was also appropriate—or even if inappropriate, was not a defect of which the Transit Authority may complain—for the arbitrator to fashion a remedy short of dismissal for what he found to be misconduct falling short of a refusal.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.