■ In the Matter of the Arbitration Between NORTH COUNTRY COMMUNITY COLLEGE ASSOCIATION OF PROFESSIONALS, by RICH-

ARD FOREMAN, President, et al., Respondents, and NORTH COUNTRY COMMUNITY COLLEGE et al., Appellants. [814 NYS2d 770]—

Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 6, 2005 in Essex County, which, inter alia, granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.

In November 2002, petitioner Michael Leahy, a tenured accounting professor employed by respondent North Country Community College, was involved in a heated verbal exchange with his supervisor that included excessive profanity and insulting comments, as well as Leahy doing a "little dance to mock" the supervisor. As a result, Leahy was charged with conduct unbecoming a member of the College faculty and terminated from his teaching position. Leahy and petitioner North Country Community College Association of Professionals, the collective bargaining unit representing him, filed a grievance and the matter proceeded to arbitration, with the parties submitting the following issue to the arbitrator: "Did the College have just cause to take disciplinary action against the Grievant, Michael Leahy?"

The arbitrator determined that while Leahy's actions constituted "serious misconduct for which a substantial penalty is appropriate," the penalty should be modified to a 15-month suspension without pay in addition to anger management counseling. When Leahy sought reinstatement following completion of a 10-week anger management course with a psychologist trained in behavior modification therapy, the College contacted the arbitrator and expressed its dissatisfaction with the anger management counseling. After the arbitrator concluded that Leahy had fully complied with the prior award, petitioners commenced this proceeding pursuant to CPLR 7510 seeking confirmation of the arbitrator's award and respondents crossmoved for vacatur of the award. Supreme Court confirmed the award and respondents now appeal.

We affirm. When, as here, an arbitration award is challenged on the ground that an arbitrator "exceeded his [or her] power" (CPLR 7511 [b] [1] [iii]), a court may vacate the award only if it "violates a strong public policy, is irrational or clearly exceeds a

specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Respondents contend that the arbitrator exceeded his authority in modifying the penalty imposed by the College after he found just cause to discipline Leahy.

As relevant here, the collective bargaining agreement states that "[p]rofessional staff may not be dismissed within a term appointment or on continuing appointment except for just cause." It grants the arbitrator broad powers, with the only limitations on those powers being that the arbitrator has no "authority to make a decision that requires the commission of an act prohibited by law or which violates the terms of this Agreement." In the absence of a specifically enumerated limitation on the arbitrator's authority to fashion a remedy short of dismissal, Supreme Court properly concluded that the arbitrator did not exceed his authority in imposing a penalty of suspension and anger management counseling after he determined that there was not just cause for dismissal (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, supra* at 337; *Matter of New York State Nurses Assn. [Mount Sinai Hosp.]*, 275 AD2d 538, 540-541 [2000]; *see also Paperworkers v Misco, Inc.*, 484 US 29, 41-42 [1987]; *cf. 187 Concourse Assoc. v Fishman*, 399 F3d 524, 527 [2005] [holding that the arbitrator had no authority to fashion an alternative remedy after he concluded that just cause existed for dismissal]).

Nor can it be said that the award is irrational or that "an identifiable public policy exists, 'embodied in statute or decisional law, [which] prohibit[s], in an absolute sense' the arbitrator[ ] from substituting severe sanctions for outright dismissal" here (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 11-12 [2002], quoting *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]). Given the penalty of a 15-month suspension without pay—which the arbitrator imposed "to demonstrate to [Leahy] the unacceptable nature of his conduct"—respondents' argument that the arbitrator disregarded their concern for the safety of Leahy's coworkers and their students is contradicted by the award itself. In any event, a generalized and ill-defined allusion to public safety is not sufficient to support judicial intervention in the disciplinary grievance/arbitration process (*see Matter of New York City Tr. Auth. v Transport Workers*

*Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 12 [2002], *supra*; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 328; *see also Eastern Associated Coal Corp. v Mine Workers*, 531 US 57, 65-66 [2000]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.