# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**671**

**CA 11-00125**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF COMMUNICATION WORKERS OF
AMERICA, LOCAL 1170, PETITIONER-APPELLANT,

V              MEMORANDUM AND ORDER

TOWN OF GREECE, RESPONDENT-RESPONDENT.
------------------------------------------------
IN THE MATTER OF TOWN OF GREECE,
PETITIONER-RESPONDENT,

V

CWA LOCAL 1170 (GOLD BADGE CLUB),
ON BEHALF OF THOMAS SCHAMERHORN,
RESPONDENT-APPELLANT.

---

PETER C. NELSON, PITTSFORD, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

COUGHLIN & GERHART, LLP, BINGHAMTON (PAUL J. SWEENEY OF COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered November 10, 2010 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, vacated in part the arbitration award.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is granted in its entirety, the cross petition is denied and the arbitration award is confirmed.

Memorandum: Petitioner-respondent, Communication Workers of America, Local 1170 (Union), appeals from an order that, inter alia, granted the cross petition (improperly denominated "petition") of respondent-petitioner, Town of Greece (Town), seeking to vacate in part an arbitration award pursuant to CPLR 7511 (b) (1) (iii). The arbitrator sustained various disciplinary charges against the grievant, a Town police sergeant who is a Union member, and determined that "[t]he Town had just and sufficient cause to demote" the grievant. The arbitrator further determined, however, that a permanent demotion was unreasonable and arbitrary, and he thus converted that penalty to a demotion for a term of one year. The Union commenced this proceeding seeking to confirm the arbitration

award pursuant to CPLR 7510, and the Town filed a cross petition seeking to vacate the award in part on the ground that the award exceeded the scope of the arbitrator's authority (*see* CPLR 7511 [b] [1] [iii]).

We agree with the Union that Supreme Court erred in vacating that part of the arbitration award reducing the grievant's penalty to a demotion for a term of one year and remitting the matter "to the Town for reconsideration of the penalty to be imposed upon" the grievant. An award may be vacated on the ground that an arbitrator exceeded his or her power "only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336; *see Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of City of Buffalo*, 50 AD3d 1503, 1505, *lv denied* 11 NY3d 708; *Matter of North Country Community Coll. Assn. of Professionals [North Country Community Coll.]*, 29 AD3d 1060, 1061-1062, *lv denied* 7 NY3d 709).  It is well established that "an arbitrator has broad discretion to determine a dispute and fix a remedy[] and that any contractual limitation on that discretion must be 'contained, either explicitly or incorporated by reference, in the arbitration clause itself' " (*Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME]*, 176 AD2d 1009, 1010, *lv denied* 79 NY2d 756, quoting *Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913, 915). "To exclude a substantive issue from arbitration, therefore, generally requires specific enumeration in the arbitration clause itself of the subjects intended to be put beyond the arbitrator's reach" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308, *rearg denied* 62 NY2d 803).

Pursuant to the applicable collective bargaining agreement (CBA), "[t]he arbitrator shall confine himself [or herself] solely to the review of the determination of guilt or innocence of the grievant and determine whether or not the decision was based upon clear and convincing evidence.  The arbitrator shall be precluded from any determination . . . with respect to the penalty imposed upon the grievant except where the penalty imposed is found to be unreasonable, arbitrary or capricious."  Here, the arbitrator recognized that the CBA limited his "authority in passing on penalties for proven misconduct."  He thus specifically found that "the penalty of a *permanent* demotion was unreasonable and arbitrary . . . because . . . [i]t is not supported by evidence that the grievant cannot competently perform the duties of sergeant . . . ."

We reject the contention of the Town that, although the CBA authorizes the arbitrator to determine that the imposed punishment is "unreasonable, arbitrary or capricious," it does not authorize the arbitrator to modify an imposed penalty or fashion a new penalty.  The CBA specifically provides that, "where the penalty imposed is found to be unreasonable, arbitrary or capricious," the arbitrator may make a determination "with respect to the penalty imposed upon the grievant . . . ."  The Town's contention that an arbitrator who determines that

the imposed penalty is unreasonable, arbitrary or capricious must remit the matter to the Town for the purpose of fashioning a different penalty conflicts with the provision in Article 19 of the CBA that "[t]he decision of the arbitrator shall be final and binding upon both parties to the dispute."  In any event, we note that it is the arbitrator, not the trial court or this Court, that is "charged with the interpretation and application of the [CBA]" (*New York City Tr. Auth.*, 6 NY3d at 336; *see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326-327).  "[C]ourts may not set aside an award because [they] feel that the arbitrator's interpretation disregards the apparent, or even the plain, meaning of the words or resulted from a misapplication of settled legal principles" (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582; *see Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 30).  Here, "[a]lthough a different construction could have been accorded to the subject provision of the [CBA], . . . it cannot be stated that the arbitrator gave a completely irrational construction to the provision in dispute and, in effect, exceeded [his] authority by making a new contract for the parties" (*Matter of New York City Tr. Auth. v Local 100, Transp. Workers Union of Am.*, 127 AD2d 596, 597, *lv denied* 70 NY2d 604).

Further, although the CBA does not explicitly authorize an arbitrator to substitute an appropriate penalty upon determining that the penalty imposed by the Town is unreasonable, arbitrary or capricious, there is likewise no such "specifically enumerated limitation on the arbitrator's power" (*New York City Tr. Auth.*, 6 NY3d at 336; *see North Country Community Coll. Assn. of Professionals*, 29 AD3d at 1062).  We therefore conclude that the arbitrator did not exceed his authority in modifying the grievant's penalty from a permanent demotion to a demotion for a term of one year.

Entered:  June 17, 2011                    Patricia L. Morgan
                                           Clerk of the Court