# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

896

CA 11-00397

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF ASSET PROTECTION & SECURITY
SERVICES, LP, PETITIONER-RESPONDENT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 200 UNITED, RESPONDENT-PETITIONER-APPELLANT.

---

DREW BLANTON, ROCHESTER, FOR RESPONDENT-PETITIONER-APPELLANT.

ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (STEVEN E. CARR OF COUNSEL),
FOR PETITIONER-RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered May 6, 2010 in a proceeding pursuant to CPLR article 75.  The order granted the petition seeking to vacate an arbitration award and denied the cross petition seeking to confirm the arbitration award.

It is hereby ORDERED that the order so appealed from is modified on the law by denying the petition in part and granting the cross petition in part and confirming the arbitration award insofar as the arbitrator found that there was no just cause to terminate petitioner-respondent's employee and as modified the order is affirmed without costs.

Memorandum:  Respondent-petitioner (hereafter, Union) appeals from an order granting the petition seeking to vacate an arbitration award pursuant to CPLR 7511 (b) (1) (iii) and denying the Union's cross petition seeking to confirm the award pursuant to CPLR 7510. The arbitrator determined that petitioner-respondent, Asset Protection & Security Services, LP (APSS), did not discharge its employee, the grievant herein, upon just cause as required by the collective bargaining agreement (CBA) between the Union and APSS and reinstated the employee with back pay and benefits.  We conclude that Supreme Court erred in vacating that part of the award determining that APSS lacked just cause for discharging the employee, and we therefore modify the order accordingly.  We agree with the court, however, that the arbitrator exceeded his authority by reinstating the employee and awarding her back pay and benefits, and thus we affirm the order insofar as the court granted those parts of the petition seeking to vacate the award to that extent.

APSS contracted with the Bureau of Immigration and Customs

Enforcement (ICE) to provide custody officers at a federal detention center in Batavia.  APSS and the Union entered into a CBA that provided, inter alia, that APSS had the right to discharge an employee "for **just cause reasons** or at the request of ICE."  ICE provided APSS with a video tape depicting the employee conversing with a detainee after lockdown, and APSS thereafter terminated the employee.  The termination notice provided to the employee stated that she was being discharged based on undue fraternizing with a detainee; allowing a detainee to be out of place after lockdown; and introducing contraband into the facility.  We note that fraternizing with a detainee and introducing contraband into the facility are grounds for immediate discharge pursuant to article 9, section (3) (B) (6) of the CBA.  APSS and the Union stipulated that the arbitrator was to determine whether APSS had "just cause to terminate the employment of [the grievant] in accordance with Article 9 of the parties' collective bargaining agreement" and that, "[i]f not, what shall the remedy be?"  In rejecting the contention of APSS that it had just cause to terminate the employee because ICE had barred her from the facility, the arbitrator determined that APSS was conflating two distinct rights contemplated by the CBA:  termination for just cause and termination at the request of ICE, which does not require just cause.  In determining that the employee was not terminated for just cause, the arbitrator credited the employee's testimony that she was permitted to allow the detainee out of his "area" after lockdown for purposes of cleaning within the unit and that, during that time, she was provided with "intel," i.e., information regarding the activities of other detainees.  The arbitrator further determined that the employee was not aware that hand sanitizer that she dispensed in the detainee's hand was considered to be a form of contraband and noted that such hand sanitizer in fact was present in dispensers in the facility.  The arbitrator was unable to determine whether the employee's security clearance had been revoked following the termination of her employment.

It is axiomatic that "courts are obligated to give deference to the decision of the arbitrator" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336; *see Matter of Henneberry v ING Capital Advisors, LLC*, 10 NY3d 278, 284, *rearg denied* 10 NY3d 892).  Here, however, the court improperly substituted its own findings for those of the arbitrator by determining that the employee was terminated at the request of ICE; that her security clearance was revoked; and that, because her security clearance had been revoked, she was not entitled to participate in the arbitration proceedings pursuant to the terms of the CBA.  The court therefore erred in vacating that portion of the award determining that the employee was not discharged for just cause.

We agree with APSS that the arbitrator exceeded his authority by directing that the employee be reinstated and awarding her back pay and benefits, and we thus conclude that the court properly vacated those provisions of the award.  Despite the fact that the arbitrator correctly recognized that, pursuant to its contract with ICE, APSS lacked the authority to reinstate the employee to her position, the arbitrator nevertheless "restore[d] her employment record and

compensate[d] her for lost wages and benefits."  "An award may be vacated on the ground that an arbitrator exceeded his or her power 'only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Communication Workers of Am., Local 1170 v Town of Greece*, 85 AD3d 1668, 1669, quoting *New York City Tr. Auth.*, 6 NY3d at 336; *see Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of City of Buffalo*, 50 AD3d 1503, 1505, *lv denied* 11 NY3d 708).  Here, although the arbitrator found that the employee was not terminated for just cause, he was nevertheless without authority under the terms of the CBA to direct APSS to reinstate her or to compensate her with back pay and benefits. The CBA expressly provides that an employee who is on unpaid administrative leave or is suspended during an investigation mandated by ICE for an employee action is not eligible for back pay and benefits even in the event that the employee's security clearance is reinstated and the individual returns to work.  If, however, an employee is on unpaid administrative leave or is suspended for a reason "not related to an ICE order to place the employee on administrative leave or suspension," the employee is entitled to back pay and benefits.  Notably, the CBA further provides that "[t]he Arbitrator shall have no power to add to, subtract from, or modify the provisions of this agreement in arriving at a decision of the issue presented and shall confine his or her decision solely to the application and interpretation of this Agreement."

Here, the employee was terminated based upon the actions observed on the video tape provided to APSS by ICE, and we thus conclude that, pursuant to the express terms of the CBA, the employee is not entitled to back pay and benefits and would not be so entitled even if APSS had the authority to reinstate her to her position.  We therefore conclude that the arbitrator exceeded his authority by "add[ing] to" the CBA and awarding the employee a remedy that is not permitted.

All concur except CARNI and MARTOCHE, JJ., who dissent in part and vote to reverse in accordance with the following Memorandum:  We agree with our colleagues that Supreme Court erred in vacating that part of the award determining that petitioner-respondent, Asset Protection & Security Services, LP (APSS), lacked just cause for discharging the employee in question.  However, we respectfully disagree with the conclusion of our colleagues that the arbitrator exceeded his authority under the collective bargaining agreement (CBA) in directing the reinstatement of the employee discharged without just cause and in awarding her back pay and benefits.  Therefore, we dissent in part and would vote to reverse the order, thus denying the petition in its entirety and granting the cross petition in its entirety.

The majority's conclusion that the arbitrator exceeded his authority with respect to the remedy has, as its foundation, the proposition that the employee's discharge was the result of a request by the Bureau of Immigration and Customs Enforcement (ICE) or an investigation mandated by ICE that resulted in revocation of the employee's security clearance.  The majority avoids expressly acknowledging that basis for its conclusion by characterizing the

employee's termination as being based upon "the actions observed on the video tape provided to APSS by ICE."  However, the majority simultaneously concludes that the court erred when it "improperly substituted its own findings for those of the arbitrator by determining that the employee was terminated at the request of ICE." We respectfully submit that those conclusions are logically inconsistent.  In any event, the record does not contain any evidence that the employee was terminated as the result of any action by ICE provided for within the terms and conditions of the CBA.

The majority concludes that "[t]he arbitrator was unable to determine whether the employee's security clearance had been revoked following the termination of her employment."  Rather than place the focus on what the arbitrator did not determine, we submit that the proper approach is to focus on what the arbitrator correctly determined, i.e., that APSS failed to establish at the arbitration hearing that the employee's security clearance had been revoked. Specifically, on the first day of the arbitration hearing, APSS admitted that the employee's security clearance had not been revoked. On the second day of the hearing, more than seven months later, APSS attempted to introduce a copy of an e-mail string dated September 15, 2009, purporting to establish the revocation of the employee's security clearance.  APSS terminated the employee on February 13, 2009 — seven months before the creation of the e-mails.  The arbitrator correctly concluded that the e-mails were inadmissible hearsay and they were not received in evidence.  Indeed, they are not contained in the record before us.  Further, the employee testified on the second day of the hearing that she had not been notified of any revocation of her security clearance and that, as far as she knew, it was still in effect.  Thus, the record contains no evidence that ICE requested the employee's termination, mandated an investigation or issued any form of order with respect to the employee's security clearance.

The majority further recognizes that the issue framed by the parties at the arbitration did not include whether the employee was terminated "at the request of ICE."  In addition, evidence that there was no revocation of the employee's security clearance or request by ICE to terminate the employee is reflected in the procedural course followed by the parties pursuant to the CBA.  Article 9, section (1) (B) of the CBA provides that "any employee whose [security] clearance is revoked by ICE may not grieve disciplinary action beyond Step 3 of the Grievance Process."  Article 8 of the CBA, entitled "Grievance Procedure," contains five steps in the grievance process. Arbitration, which occurred here, is Step 5 of the procedure.  The parties here proceeded well beyond Step 3 of the grievance procedure. If in fact the employee's security clearance had been revoked by ICE, the employee would have had no right to proceed to arbitration.  APSS could have invoked article 9, section (1) (B) to prevent the grievance procedure from proceeding to arbitration.  APSS never raised article 9, section (1) (B) as a ground for staying the arbitration, however, and willingly participated in the arbitration.  In our view, such conduct by APSS is a clear concession that the employee was not terminated at the request of ICE.  Further, article 9, section (1) (D) provides that, if an employee is placed on "unpaid administrative

leave or [is suspended] *for a reason not related to an ICE order* to place the employee on administrative leave or suspension, that *employee retains his/her rights under all phases of the grievance procedure* and may be entitled to lost pay and benefits should [APSS] so agree or should an arbitrator so decide" (emphasis added). APSS proceeded to arbitration — a process which included "all phases of the grievance procedure." Thus, if our choice in deciding the availability of the remedy awarded by the arbitrator is the choice between article 9, section (1) (C) or (D), the grievance procedural course in which APSS willingly participated unequivocally establishes that the employee was not terminated because her security clearance was revoked or otherwise by or at the request of ICE — and eliminates subdivision (1) (C) as a basis for denying the employee the arbitrator's remedy of back pay, benefits and reinstatement.

Nonetheless, the majority concludes, in reliance upon article 9, section (1) (C), that the employee's termination must have been " 'related to an ICE order to place [her] on administrative leave or suspension' " and that she therefore is not entitled to back pay and benefits. We further note that the employee was not "suspended" or placed on "unpaid administrative leave" and thus article 9, section (1) (C) by its express terms does not provide a basis upon which to conclude that the employee is not entitled to back pay and benefits. That provision simply does not include or apply to the disciplinary action taken here — termination. The employee was terminated, as the majority correctly concludes, without "just cause." Moreover, the record before us does not contain any evidence of what the majority refers to as an "ICE order" or an "investigation mandated by ICE," in accordance with the terms of the CBA. Instead, the majority incorrectly equates the fact that ICE merely provided a video tape to APSS that depicted the employee's actions with proof of the revocation of the employee's security clearance, as an "ICE order" or an "investigation mandated by ICE" as required by the CBA.

The CBA neither precludes nor specifically provides for back pay and benefits as a remedy in the event of the unjust or wrongful termination of an employee, which is the case here. However, article 8, section (6) provides that "[a]ny grievance resolutions that carry a back-pay award will be paid within one (1) pay period following resolution." Further, article 9, section (1) (D) specifically provides for "lost pay and benefits . . . should an arbitrator so decide" when an employee is placed on unpaid administrative leave or suspension unrelated to an ICE order. Thus, the CBA expressly contemplates the award of back pay and benefits following a grievance that leads to an arbitration award of back pay. We cannot accept the proposition that an employee who receives the lesser penalty of a wrongful suspension or unpaid administrative leave can receive back pay and benefits, while an employee subjected to the harsher penalty of a wrongful termination has no such remedies available under the CBA.

Turning to the arbitrator's remedy of reinstatement, "in the arbitration of labor grievances, it is well settled that, unless limited by the plain terms of the submission, the arbitrator is

empowered to grant any relief reasonably fitting and necessary to the final determination of the matter submitted to him [or her]; and this includes the granting of equitable relief for the direction of the reinstatement, hiring, or classification of a particular employee in a particular position" (*Matter of British Overseas Airways Corp. v International Assn. of Machinists & Aerospace Workers, AFL-CIO*, 39 AD2d 900, 901 [dissenting mem], *revd on dissenting mem* 32 NY2d 823 [upholding confirmation of reinstatement remedy based upon dissenting mem]). "[U]nless constrained by the arbitration agreement, an arbitrator might well determine that wrongful discharge of an employee is not fully compensable solely in dollars and cents, and, accordingly, an award which couples payment of lost wages with a prospective order of reinstatement is not to be disturbed on that ground alone" (*North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.*, 45 NY2d 195, 201-202). We respectfully disagree with the majority's conclusion that the arbitrator recognized that "APSS lacked the authority to reinstate the employee to her position." Instead, after summarizing and rejecting APSS's claim that ICE had revoked the employee's security clearance, the arbitrator stated, "Although [APSS] may not be able to return [the employee] to her duties . . . at [her place of employment] under its contract with ICE, the remedy . . . will restore her employment record and compensate her for lost wages and benefits." In our view, that statement reflects the arbitrator's recognition of APSS's argument that the revocation of the employee's security clearance prevented her reinstatement — while simultaneously rejecting it based upon the evidence adduced at the hearing. We further reject APSS's contention that the employee has been barred from her place of employment. APSS failed to submit any admissible evidence at the arbitration hearing to establish that she was barred, and the record is otherwise devoid of any such evidentiary support. There is also nothing in the CBA that limited the arbitrator from awarding reinstatement as a remedy for the employee's termination without just cause. The majority's conclusion that reinstatement is not available under the CBA makes the contractual right of termination only upon just cause a hollow one — a result, in our view, clearly not intended by the parties to the CBA by the inclusion of the "just cause" requirement.

Entered:  December 23, 2011                    Frances E. Cafarell

Clerk of the Court