# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**104**
**CA 12-01210**
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN NEW
YORK FINGER LAKES REGION POLICE OFFICERS
LOCAL 195 OF COUNCIL 82, AFSCME, AFL-CIO,                MEMORANDUM AND ORDER
PETITIONER-APPELLANT,

AND

CITY OF AUBURN, RESPONDENT-RESPONDENT.

---

ENNIO J. CORSI, NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, COUNCIL
82, AFSCME, AFL-CIO, ALBANY, FOR PETITIONER-APPELLANT.

JOHN C. ROSSI, CORPORATION COUNSEL, AUBURN (ANDREW S. FUSCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (William P. Polito, J.), entered April 3, 2012 in a proceeding pursuant to CPLR article 75. The order denied the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order that denied its petition to vacate an arbitration award determining that respondent did not violate the terms of the collective bargaining agreement (CBA) when it terminated the employment of one of petitioner's members. "An arbitration award may be vacated if it is irrational, violates a strong public policy, or 'clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City Sch. Dist. of City of Buffalo*, 50 AD3d 1503, 1505, *lv denied* 11 NY3d 708, quoting *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City Sch. Dist. of City of N.Y.*, 1 NY3d 72, 79). Contrary to petitioner's contention, the arbitrator's interpretation of the CBA was not irrational, nor did the arbitrator alter the terms of the CBA based on his interpretation of its terms so as to exceed his authority. "An arbitrator is charged with the interpretation and application of the [CBA]" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336). Here, " '[a]lthough a different construction could have been accorded to the subject provision of the [CBA], . . . it cannot be stated that the arbitrator gave a completely irrational construction to the provision in dispute and, in effect, exceeded [his] authority by making a new contract for the parties' " (*Matter of Communication Workers of Am., Local 1170 v Town of Greece*, 85 AD3d

1668, 1670, *lv denied* 18 NY3d 802).

Entered:  February 8, 2013

Frances E. Cafarell
Clerk of the Court