■ In the Matter of SANITATION OFFICERS ASSOCIATION, LOCAL 444, SEIU, AFL-CIO, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [999 NYS2d 54]—

Order and judgment (one paper), Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 4, 2013, which, inter alia, granted the petition seeking to vacate an arbitration award, dated November 6, 2012, denying petitioners' grievance, and remanded the matter for consideration of an appropriate remedy, unanimously reversed, on the law, without costs, the petition denied, and the award confirmed.

In this proceeding brought pursuant to CPLR article 75, petitioner Sanitation Officers Association, Local 444, SEIU, AFL-CIO (the Union), the exclusive bargaining representative of all supervisors and level-I superintendents employed by respondent Department of Sanitation of the City of New York (DOS), filed a grievance under the parties' collective bargaining agreement (CBA) alleging that DOS improperly assigned supervisors in violation of the CBA. Respondents asserted as an affirmative defense that, for economic reasons, they exercised management rights reserved under the CBA by laying off 200 out of 330 supervisors, and reassigning the remaining supervisors to additional district sections. The arbitrator found that petitioners established a prima facie violation of the CBA but denied the grievance on the ground that DOS raised a valid defense since it retained its management prerogative to restructure the workforce and the CBA expressly reserved its right to alter the ratio of supervisors to collection equipment.

Contrary to petitioner's argument, the arbitrator did not exceed his power in considering and crediting DOS's defense (*Matter of New York City Tr. Auth. v Transport Workers' Union*

*of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). The arbitrator's consideration of the defense was necessary to resolve the dispute submitted to him and his decision was not irrational nor did it exceed a specifically enumerated limitation on his power (*id.*). Additionally, as noted by the arbitrator, his denial of the grievance does not impair the union's right to bargain over the practical impact that the workforce reduction and reassignments have placed on the remaining employees (*see* Administrative Code of City of NY § 12-307). Thus, the decision does not violate the strong public policy favoring collective bargaining (*see* Administrative Code of City of NY § 12-302). Accordingly, there is no basis to overturn the arbitrator's interpretation of the issues and the scope of his authority, which must be accorded substantial deference (*see Frankel v Sardis*, 76 AD3d 136, 140 [1st Dept 2010]).

We have considered petitioners' remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Manzanet-Daniels, Feinman and Gische, JJ.