# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

528

CA 14-01996

PRESENT: CENTRA, J.P., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN TOWN OF
SCRIBA, PETITIONER-RESPONDENT-RESPONDENT,

AND                                    MEMORANDUM AND ORDER

TEAMSTERS LOCAL 317 AND MICHAEL BARRY,
RESPONDENTS-PETITIONERS-APPELLANTS.

---

LAW OFFICES OF MAIREAD E. CONNOR, PLLC, SYRACUSE (MAIREAD E. CONNOR OF
COUNSEL), FOR RESPONDENTS-PETITIONERS-APPELLANTS.

CARACCIOLI & ASSOCIATES, PLLC, OSWEGO (KEVIN C. CARACCIOLI OF
COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Oswego County (James W. McCarthy, J.), entered April 22, 2014 in a proceeding pursuant to CPLR article 75. The order and judgment granted the petition of petitioner-respondent to vacate an arbitration award and denied the cross petition of respondents-petitioners to confirm the award.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, the cross petition is granted, and the arbitration award is confirmed.

Memorandum: Respondents-petitioners, Teamsters Local 317 (Union) and Michael Barry (grievant), appeal from an order and judgment granting the application of petitioner-respondent (petitioner) to vacate an arbitration award, and denying the cross petition of respondents-petitioners (respondents) to confirm the award. Among other things, the arbitrator determined that, although maintaining a commercial driver's license (CDL) was a minimum standard for employment, the terms of the collective bargaining agreement (CBA) did not mandate the grievant's discharge from employment upon forfeiture of his CDL and, thus, that petitioner did not have just cause to terminate the grievant. The arbitrator fashioned a remedy whereby the grievant would be suspended without pay, and petitioner could terminate his employment only if he did not regain a valid CDL on or before a particular date. Petitioner commenced this proceeding seeking to vacate the arbitration award on the ground that the award exceeded the scope of the arbitrator's power (see CPLR 7511 [b] [1] [iii]), and respondents filed a cross petition seeking to confirm the award pursuant to CPLR 7510. We agree with respondents that Supreme

Court erred in vacating the arbitration award, and we conclude that the arbitration award should be confirmed.

We agree with respondents that the arbitrator did not exceed a specifically enumerated limitation on his authority. "It is well established that an arbitrator has broad discretion to determine a dispute and fix a remedy[ ] and that any contractual limitation on that discretion must be contained, either explicitly or incorporated by reference, in the arbitration clause itself" (*Matter of Communication Workers of Am., Local 1170 v Town of Greece*, 85 AD3d 1668, 1669, *lv denied* 18 NY3d 802 [internal quotation marks omitted]). Here, the relevant part of the CBA stated only that "[i]f the dispute [regarding a grievance] cannot be satisfactorily resolved, the issue may be submitted to final and binding arbitration." Furthermore, the stipulated issue submitted to the arbitrator asked "[w]as the suspension and termination of the [g]rievant, Michael Barry, for just cause? If not, what shall be the remedy?" We conclude that the CBA provided no "specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336; *see Communication Workers of Am., Local 1170*, 85 AD3d at 1670-1671), and that "the remedy sought was expressed in open-ended terms that certainly did not limit the arbitrator's power to grant any specific relief" (*Matter of Correction Officers' Benevolent Assn. v City of New York*, 276 AD2d 394, 395).

We further agree with respondents that the award was not irrational. " 'An award is irrational if there is no proof whatever to justify the award' " (*Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.]*, 103 AD3d 1120, 1122, *lv denied* 21 NY3d 863). "So long as an arbitrator 'offer[s] even a barely colorable justification for the outcome reached,' the arbitration award must be upheld" (*id.*). Here, the language of the CBA is " 'reasonably susceptible of the construction given it by the arbitrator[ ]' " (*id.* at 1125, quoting *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383), and the arbitrator offered a " 'colorable justification for the outcome reached' " (*Professional, Clerical, Tech., Empls. Assn.*, 103 AD3d at 1122).

Entered: June 19, 2015

Frances E. Cafarell
Clerk of the Court