In the Matter of the Arbitration between KESHIA M. BARRON, Appellant, and STATE OF NEW YORK OFFICE OF MENTAL HEALTH, Respondent. [23 NYS3d 438]—

Peters, P.J. Appeal from an order of the Supreme Court (Breslin, J.), entered June 20, 2014 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner, a licensed master social worker, was employed by respondent and assigned to the sex offender treatment program at Central New York Psychiatric Center (hereinafter CNYPC). In April 2012, she was served with a notice of discipline charging her with misconduct and proposing a penalty of termination based upon her unauthorized contact with an inmate confined at Marcy Correctional Facility while she was out on workers' compensation leave. The statement of charges specified, as is relevant here, that petitioner both visited (charge 1) and exchanged correspondence with (charge 2) the inmate on numerous occasions in violation of respondent's anti-fraternization policy, which prohibits CNYPC employees from "maintain[ing] contact either by telephone calls, personal visits, or correspondence with current or former forensic patients or [sex offender treatment program] residents or with anyone who remains under sentence and/or confinement within [s]tate or local correctional facilities." Petitioner was suspended without pay pending the disposition of the notice of discipline on the basis that her continued presence at her work location represented "a potential danger to persons or property or would severely interfere with operations."

Petitioner thereafter filed a grievance and demanded arbitration. Prior to the ensuing hearing, the parties entered into a stipulation whereby they agreed that, between July 7, 2011 and October 31, 2011, petitioner visited the inmate 17 times and sent him more than 90 letters.[1] The stipulation also provided that respondent "withdraws that portion of [c]harge 2 which alleges that [petitioner] mailed or received correspondence to or from [the] inmate . . . prior to July 7, 2011 and after October 31, 2011." Following the hearing, the arbitrator rendered a detailed written decision finding petitioner guilty of

---

1. The letters were of a romantic nature and several of them were sexually charged.

charges 1 and 2 and concluding that termination of employment was the appropriate penalty.[2] Petitioner thereafter commenced this proceeding pursuant to CPLR 7511 seeking, among other things, vacatur of the arbitration award and reinstatement to her position. Supreme Court denied the relief, and this appeal by petitioner ensued.

Where, as here, "the parties agree to submit their dispute to an arbitrator, courts generally play a limited role" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* 548 US 940 [2006]). "Vacatur of an arbitration award is only appropriate where it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact" (*Union-Endicott Cent. Sch. Dist. v Peters*, 123 AD3d 1198, 1200-1201 [2014], *lv dismissed and denied* 25 NY3d 964 [2015] [internal quotation marks and citations omitted]; *see* CPLR 7511 [b] [1]; *Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90-91 [2010]).

We discern no basis in this record to vacate the arbitrator's award. Contrary to petitioner's contention, the arbitrator did not exceed the scope of his authority in admitting an unsigned March 19, 2011 letter into evidence for the purpose of impeachment.[3] Neither the arbitration clause of the collective bargaining agreement nor the stipulated submission of issues for arbitration contained a specifically enumerated limitation on the arbitrator's power (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d

---

**2.** The remaining charges, which were not sustained by the arbitrator, are not at issue on this appeal.

**3.** The significance that petitioner attributes to this letter—the only evidence tending to show that she had a relationship with the inmate prior to July 2011—apparently stems from her misguided belief that she was not subject to CNYPC's anti-fraternization policy during the time that she was out on workers' compensation leave and admittedly engaged in extensive contacts with the inmate. Even while out on workers' compensation leave, petitioner remained an employee of respondent (*see generally* Workers' Compensation Law § 10 [1]) subject to the policies and standards applicable to all employees. As the arbitrator rationally based his decision on petitioner's conceded and amply-documented contact with the inmate from July 2011 onward, whether petitioner was involved with the inmate in March 2011 is ultimately inconsequential.

332, 336 [2005]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307 [1984]; *Matter of Town of Scriba [Teamsters Local 317]*, 129 AD3d 1596, 1597 [2015]; *Matter of North Country Community Coll. Assn. of Professionals [North Country Community Coll.]*, 29 AD3d 1060, 1062 [2006], *lv denied* 7 NY3d 709 [2006]). While the parties' prehearing stipulation limited the scope of the conduct charged to that occurring between July and October 2011, it did not preclude the use of evidence related to the withdrawn portion of the charges for other purposes, such as impeachment. Even if admission of the March 2011 letter amounted to an erroneous evidentiary ruling, it would not justify vacating the award (*see Matter of Silverman [Benmor Coats]*, 61 NY2d at 308; *Matter of Perilli v New York State Dept. of Correctional Servs.*, 80 AD3d 617, 617 [2011]; *Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO [Department of Correctional Servs. of State of N.Y.]*, 227 AD2d 856, 857 [1996]).

Similarly lacking in merit is petitioner's assertion that the arbitrator exceeded his authority and acted irrationally in charging her with knowledge of respondent's updated anti-fraternization policy. The CNYPC employee handbook, which petitioner received upon commencing employment in July 2008, sets forth the general policy prohibiting CNYPC staff from having any contact with "discharged patients" who remain under sentence or confinement within a state or local correctional facility. This policy was updated in December 2008, and then again in April 2010, to broadly prohibit contact with "current or former forensic patients . . . or . . . anyone who remains under sentence and/or confinement within [s]tate or local correctional facilities." CNYPC provided the 2010 policy update to petitioner via email upon its issuance, but petitioner failed to open the email. Petitioner's claim that she "had no obligation to read this email" is contrary to the testimony of the CNYPC Executive Director, who explained that "all staff are responsible for knowing current policies" and acting in accordance therewith. Moreover, the arbitrator rejected petitioner's testimony that she did not recall, receive or read the 2008 version of the anti-fraternization policy—which contained the same operative terms as the 2010 version—or that she was generally unaware of or untrained on the employee-inmate relationship guidelines, particularly in light of the testimony of the CNYPC Director of Staff Development that they "really hammer[ed] home" the prohibition against any type of personal contact or communication with inmates and/or patients outside of the therapeutic relationship. Accepting the arbitrator's cred-

ibility determinations, as we must (*see Matter of Board of Educ. of Unadilla Val. Cent. Sch. Dist. [McGowan]*, 97 AD3d 1078, 1082 [2012]; *Matter of Watt [East Greenbush Cent. School Dist.]*, 85 AD3d 1357, 1358 [2011]), we find a rational basis for the conclusion that petitioner was aware of CNYPC's policy against fraternizing with inmates and that her admitted, extensive contacts with the inmate in question constituted an egregious breach of that policy warranting her termination.

Finally, upon denying the application to vacate the arbitration award, Supreme Court did not confirm the award, as was required (*see* CPLR 7511 [e]). Thus, we modify the order accordingly.

Garry, Egan Jr., Rose and Devine, JJ., concur. Ordered that the order is modified, on the law, without costs, by confirming the arbitration award, and, as so modified, affirmed.