■ In the Matter of LESLY NOEL, Appellant, v CARMEN BIANCO, as Chairman/Commissioner of New York City Transit Authority, et al., Respondents. [40 NYS3d 266]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered August 12, 2015, denying the petition seeking to vacate an arbitration award dated July 14, 2014 terminating petitioner's employment with respondent New York City Transit Authority upon a finding of misconduct, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

The arbitration award is not subject to a heightened level of judicial scrutiny, because it was held pursuant to a voluntarily-entered collective bargaining agreement (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Tarantino v MTA N.Y. City Tr. Auth.*, 129 AD3d 738, 738 [2d Dept 2015], *lv denied* 26 NY3d 917 [2016]). Petitioner failed to demonstrate that the award should be vacated under the applicable standard of review (*see* CPLR 7511 [b] [1]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). Under that standard, courts are not permitted to review an arbitrator's findings of fact, including credibility determinations (*see* 94 NY2d at 328; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]).

We perceive no reason to disturb the imposed penalty of termination (*see generally* 94 NY2d at 326, 328). Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.