Matter of Spence (State Univ. of N.Y.) (2024 NY Slip Op 04677)

Matter of Spence (State Univ. of N.Y.)

2024 NY Slip Op 04677

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, AND NOWAK, JJ.

591 CA 23-01673

[*1]IN THE MATTER OF ARBITRATION BETWEEN WAYNE SPENCE, AS PRESIDENT OF THE NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO AND MICHELLE LAFRAMBOISE, PETITIONERS-RESPONDENTS, AND STATE UNIVERSITY OF NEW YORK, JOHN B. KING, JR., AS CHANCELLOR OF STATE UNIVERSITY OF NEW YORK, BOARD OF TRUSTEES OF STATE UNIVERSITY OF NEW YORK, DR. MERRYL H. TISCH, AS CHAIR OF BOARD OF TRUSTEES OF STATE UNIVERSITY OF NEW YORK, STATE UNIVERSITY OF NEW YORK UPSTATE MEDICAL UNIVERSITY, AND MANTOSH DEWAN, AS PRESIDENT OF STATE UNIVERSITY OF NEW YORK UPSTATE MEDICAL UNIVERSITY, RESPONDENTS-APPELLANTS.

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
EDWARD J. GREENE, JR., ALBANY, FOR PETITIONERS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered August 22, 2023, in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, granted the petition, vacated an arbitration award, directed reinstatement of petitioner Michelle Laframboise and amendment of her employment record, and remitted the matter to arbitration to address the matters of back pay, statutory interest, and restoration of accruals. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is denied, the application is granted, the arbitration award is confirmed, and the second and third ordering paragraphs are vacated.
Memorandum: In this CPLR article 75 proceeding to vacate an arbitration award, respondents appeal from an order insofar as it granted the petition seeking to vacate the arbitration award, effectively denied respondents' application to confirm the award, and reinstated with back pay and benefits petitioner Michelle Laframboise (petitioner), a former registered nurse employed by defendant State University of New York Upstate Medical University (SUNY Upstate).
In 2021, consistent with respondents' then-existing obligation under 10 NYCRR 2.61 (repealed by NY St Reg, Oct. 4, 2023 at 22) to ensure that certain personnel be fully vaccinated against COVID-19, respondents directed petitioner to receive her first dose of the COVID-19 vaccine by a date certain and informed her that upon her failure to do so, she would be suspended without pay and that SUNY Upstate would seek to terminate her employment. Petitioner did not receive her first dose of the vaccine by the required deadline, and thus, SUNY Upstate suspended her without pay and issued a Notice of Discipline in accordance with Article 33 of the collective bargaining agreement (CBA) with petitioner's union. Petitioner filed a disciplinary grievance and demanded arbitration.
Following arbitration, and one day after the parties filed their written closing statements, [*2]Supreme Court (Neri, J.) issued a decision in a different matter, which declared 10 NYCRR 2.61 null and void (Medical Professionals for Informed Consent v Bassett, 78 Misc 3d 482, 489-491 [Sup Ct, Onondaga County 2023] [MPIC]). The parties advised the arbitrator of that decision; however, the arbitrator concluded that his jurisdiction was "limited to interpreting and applying the provisions of the [CBA]" and thus, the import of the MPIC decision was beyond his jurisdiction to consider or apply to the facts.
In the arbitration award, the arbitrator concluded that respondents met their burden of establishing misconduct and that the misconduct prevented petitioner from performing her job duties. Thus, the arbitrator concluded that respondents had probable cause to suspend petitioner and just cause to issue the Notice of Discipline and terminate her employment.
Thereafter, petitioners commenced this CPLR article 75 proceeding to vacate the arbitration award and, in their answer, respondents sought an order confirming the award (application). Following oral argument, Supreme Court (Neri, J.) in this matter concluded that the arbitrator's award violated public policy and was totally irrational, insofar as it ignored the MPIC decision that 10 NYCRR 2.61 was null and void. Thus, the court granted the petition, effectively denied the application, vacated the arbitration award, ordered that petitioner be reinstated and that her employment record be amended, and remitted the matter to arbitration to address the matters of back pay, statutory interest, and restoration of accruals. We reverse the order insofar as appealed from.
A court's authority to vacate an arbitrator's award is limited to the grounds set forth in CPLR 7511 (b), which permits vacatur of an award where the arbitrator, as relevant here, "exceed[s] [their] power" (CPLR 7511 [b] [1] [iii]) by issuing an " 'award [that] violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010], quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]).
Where, as here, the parties agree to submit their dispute to an arbitrator pursuant to a collective bargaining agreement, "[c]ourts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). "The party seeking to vacate an arbitration award thus bears a heavy burden to establish that the arbitrator exceeded their power" (Matter of Buffalo Teachers' Fedn. [Board of Educ. of Buffalo City Sch. Dist.], 227 AD3d 1435, 1436 [4th Dept 2024]).
We agree with respondents that the court erred in vacating the award on the ground that it was against public policy because petitioners failed to meet their heavy burden to establish that the award in this employer-employee dispute violated public policy (see Matter of Rochester City School Dist. [Rochester Assn. of Paraprofessionals], 34 AD3d 1351, 1351-1352 [4th Dept 2006], lv denied 8 NY3d 807 [2007]; see generally Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984], rearg denied 62 NY2d 803 [1984]).
We further agree with respondents that the court erred in vacating the award on the ground that it was irrational. " 'An award is irrational if there is no proof whatever to justify the award' " (Buffalo Teachers' Fedn., 227 AD3d at 1437). Where, however, "an arbitrator 'offer[s] even a barely colorable justification for the outcome reached,' the arbitration award must be upheld" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013]; see Wien & Malkin LLP, 6 NY3d at 479). Here, inasmuch as it was undisputed that SUNY Upstate directed petitioner to receive the vaccine by a date certain, that it apprised her that her continued employment was dependent upon her compliance, and that petitioner refused to be vaccinated by the required date, the court erred in concluding that the arbitrator's award was irrational.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court